# THE SYNDICATE IMPROVEMENT COMPANY v. BRADLEY.

Appeal and Error — Review—Absence of Bill of Exceptions — Absence of Motion for New Trial — Presumption of Performance of Official Duty— Trial Docket — Demand of Jury Trial — Record, Certain Papers not a Part of — Allowance of Counsel Fee and Additional Interest Where Proceedings in Error Without Reasonable Cause.

1. The action of the trial court sustaining an attachment can not be reviewed in the absence of a bill of exceptions containing the evidence produced upon the hearing of the motion to dissolve.

2. The affidavits, motions, and other papers in an attachment proceeding can not be brought into the record by copies thereof certified to by the clerk of the court, but they can only be made part of the record by bill of exceptions.

3.   In the absence of a bill of exceptions embracing the motion. and affidavit for change of judge, the action of the court in overruling such a motion can not be reviewed.

4.   The error, if any, in overruling a motion for change of judge is waived if no exception is taken to the ruling.

5.   A party asking a jury trial must cause the record to show a. due request therefor, a refusal by the court, and an exception, in order to complain of the refusal of a jury; for, in the absence of countervailing facts, it will be assumed that the court did not usurp the functions of the jury.

6.   An assignment of error that a demand for a jury was denied is unavailing, where the demand was made after one witness. for the plaintiff had testified, no such demand being made upon the formal calling of the docket at the first day of the term, the record showing a waiver of a jury by a failure to demand the same and deposit the statutory fee, and no exception being presented to the ruling of the court denying a jury upon the demand when made, and the matter was not raised on a motion for new trial.

7.   The presumption is that the clerk of court performed the duty, required by statute, of entering a cause upon the trial docket and setting it for trial, and that the parties and their attorneys had due notice from the trial docket that the cause would be tried at the time fixed therein by the clerk.

8.   The trial docket is a public record provided by law, of the contents of which attorneys and litigants are bound to take notice.

9.   In the absence of anything appearing to the contrary, the presumption is that a cause was regularly tried and properly disposed of during the term and at the appointed time, of which all parties thereto had notice.

10.   Affirmative error must appear in the proceedings of a court. of superior general jurisdiction, to authorize a reversal of a judgment.   Error can not be imputed, but every presumption is in favor of the regularity of its proceedings.

11.   The words "in any such case," found in Section 3130, Revised Statutes, 1887, refer to proceedings in error in the supreme court from the district court; and the word "case" means a proceeding in error from the district court to the su- preme court, and Section 3130 requires the allowance of dam- ages, or additional interest, as the case may be, and counsel fees, to be paid by the plaintiff in error, when the supreme

court has determined that there was no reasonable cause for the proceeding in error.

12. In this case, one hundred dollars allowed to defendant in error as a reasonable counsel fee in the proceedings in error, and the judgment having directed the payment of money, and execution having been stayed, it is ordered that the judgment shall bear additional interest at the rate of one per cent. per annum for the time the judgment was stayed.

[Decided January 8, 1896. On application for counsel fee and additional interest to defendant in error, March 3, 1896. Commenced in District Court, November 24, 1893.]

Error to the District Court for Natrona County, Hon. J. H. Hayford, Judge.

This was an action brought by Chester B. Bradley against the Syndicate Improvement Company for the recovery of money alleged to be due for services performed and money expended at the request of the defendant. Judgment was rendered for the plaintiff, and defendant prosecuted error. The amended petition was filed May 15, 1894, and an answer was filed May 17, 1894. The cause was tried May 18, 1895. The evidence taken upon the trial was not preserved nor brought to the appellate court. The material facts connected with the errors assigned are sufficiently stated in the opinion.

R. W. Breckons, for plaintiff in error, argued and contended that the judgment should be reversed on the ground that the trial was an ex parte proceeding solely. It was contended that the record showed that the case had not been set for any particular day, and that no notice of the time when the case would be called for trial was in any way given to the plaintiff in error, and cited Culver v. Felt, 4 Roberts, 681; 30 How., 442; Tracey v. Co., 1; E. D. Smith, 356; 18 Atl., 968; Blair v. Munson, 9 Ind., 357; 2 Metc. (Ky.), 443; 11 Miss., 127; Clegg v. Fithian, 32 Ind., 90. Further, that the court erred in refusing to allow a jury. It was insisted that the record did not show that there had been any formal call of the docket at which a demand or waiver might have occurred,

but the contrary, and that no judgment can be sustained where the record does not affirmatively show that a jury trial was waived by both parties. (Biggs v. Lloyd, 11 Pac., 831; Woods v. Tanquavay, 34 Pac., 737.) In a case like the one at bar no motion for a new trial was necessary. It was also urged that error was committed in denying a change of judge, for the reason that the application was made as soon as the attorney for plaintiff in error knew the cause was being tried.

*Lacey & Van Devanter* for defendant in error.

It is thus admitted by the opposing brief that neither the demand for a jury trial nor the application for a change of judge was made until after the trial had begun and after a witness had been sworn and was being examined. No exception was taken to the rulings of the court respecting either the demand for a jury trial or the application for a change of judge. No motion for a new trial was made. Time was not taken within which to present a bill of exceptions, no bill of exceptions was presented or allowed, and none is contained in the record. No question is raised respecting the pleadings, or the character of the judgment rendered. The only questions discussed in the opposing brief are, first, that a trial was had in the court below without notice to the defendant; second, that the defendant was denied a jury trial; and third, that the defendant's application for a change of judge was denied.

A trial without notice to one of the parties, a denial of trial by jury when rightly demanded, and a denial of an application for change of judge, would each of them be embraced within the terms "irregularity in the proceedings of the court by which a party was prevented from having a fair trial," which is a ground for a new trial. Not having been assigned as grounds for new trial, they have been waived, and can not now be assigned as independent errors. In order to lay the foundation for available error the party asking a jury must cause the record

to show a due request, refusal, and exception. (Griffin v. Pate, 63 Ind., 273; Ketcham v. Brazil Co., 88 Ind., 515; Sheets v. Bray, 125 Ind., 33; Elliott App. Pro., 612. Motions and affidavits — such as those for change of judge —with the rulings thereon are not part of the record except when brought into it by bill of exceptions.

Boulter v. State, Decided November 19, 1895; Perkins v. Mc Dowell, 3 Wyo., 328; France v. First National Bank, 3 Wyo., 187; Johnston v. Little Horse Creek, 4 Wyo., 164; Seibel v. Bath, 5 id., 409; Rubel v. Wiley, id., 427; Van Horn v. State, id., 501; C. D. Smith Drug Co. v. Casper Drug Co., id., 510; School District v. Western Tube Co., id., 185; Hicks v. Person, 19 O., 426–446; Sleet v. Williams, 21 O. St., 82; Garner v. White, 23 id., 192; Lockhart v. Brown, 31 id., 431; Railway Co. v. Thurstin, 44 id., 525; State v. Sweeney, 68 Mo., 96; Cleland v. Walbridge, 78 Cal., 358.

Every matter complained of constitute in themselves grounds for motion for new trial, and no such motion having been made, and no bill of exceptions taken, no question respecting them is presented by the record.

(Rev. Stat. Wyo., Sec. 2652; Supreme Court Rule 13, authorities supra; Horton v. Wilson, 25 Ind., 316; Berlin v. Oglesbee, 65 id., 308; Douglas v. State, 72 id., 385; Lawless v. Harrington, 75 id., 379; Smith v. Smith, 77 id., 80; Bane v. Ward, id., 153; Sidener v. Davis, 87 id., 343; Compton v. State, 89 id., 338; Seibert v. State, 95 id., 471.)

No exception was taken in the court below to any of the rulings now complained of, and it will therefore be presumed that the rulings were assented to. U. S. v. Trabing, 3 Wyo., 144; Sheets v. Bray, 125 Ind., 33–36.

The burden rests upon plaintiff in error to show affirmatively that error prejudicial to it was committed in the court below. (Elliott App. Pro., 709–713.)

Upon the question of the construction and enforcement of the provisions of Sec. 3130, Rev. Stat., and the application of defendant in error for the allowance of counsel.

fees and additional interest, the following were cited:
(Rev. Stat. Ohio 1880, Sec. 6712; Const. Wyo., Art. 5,
Sec. 2, 18; 1 Yaple's Code Pr., 640; Rouse v. Groniger,
2 W. L. M., 272; Kious v. Kious, 2 id., 418; Graham v.
Cooper, 17 O., 605; Brady v. Holderman, 19 id., 26;
McBride v. Longworth, 14 O. St., 349; U. S. Rev. Stat.,
Sec. 1010, 966; Rules U. S. Supreme Court, XVII,
XVIII, 1 Cranch XVIII; Rule 23 U. S. Sup. Ct.; 108
U. S., 586; Pennywit v. Eaton, 15 Wall., 382; Hall v.
Jordan, 19 id., 271; Armory v. Armory, 91 U. S., 356;
Whitney v. Cook, 99 id., 607; Peyton v. Heinekin, 131
id., ci; Gibbs v. Diekma, 131 id., clxxxvi; Sire v. Elli-
thrope Co., 137 id., 579; Gregory Consolidated Co. v.
Starr, 141 id., 222; T. & P. Ry. v. Volk, 151 id., 73;
Campbell v. Wilcox, 10 Wall., 421; Bank v. Wistar, 3
Pet., 431; Barrow v. Hill, 13 How., 54; Lathrop v. Jud-
son, 19 id., 66; Prentice v. Pickersgill, 6 Wall., 511;
Insurance Co. v. Huchbergers, 12 id., 164; Howell's Ann.,
Mich. Stat., 8979, 8982; 7 Mich., 78; 20 id., 418; 23 id.,
22; 25 id., 127; 33 id., 505; 40 id., 457; 61 id., 22; 67
id., 188; 78 id., 135; 64 N. W., 866; 2 Pinney, 203;
20 Wis., 31; 63 N. W., 1047; 2 Deering's Ann., Cal.
Code, 957; 2 Cal. 355; 9 id., 44; 10 id., 522; 11 id.,
142; 12 id., 449; 41 id., 661; 44 id., 127; 47 id., 581;
79 id., 409; 82 id., 635; 35 Pac., 1014; 3 Keyes 323;
1 N. Y., 206; 33 id., 296; 38 id., 25; 124 id., 624; 128
id., 594; 126 Mass., 21; 158 id., 590; 9 Pac. (N. M.),
302; 13 id., 179; 3 Mont., 372; 5 id., 535; 6 id., 498;
40 Pac., 789; 10 La. Ann., 641; 17 id., 77; 20 id., 376;
17 So. (Fla.), 70; 2 Nev., 361; 4 N. D., 164; 51 Minn.,
343; 3 Tex., 517; 28 S. W., 95; 29 id., 831; 26 Ark.,
656; id., 63; id., 398; 37 Ala., 388; 10 Ind., 7, 8, 32,
40, 82, 164, 251, 502; 136 Ind., 608; 5 Dana (Ky.),
136; 18 B. Mon., 570; 3 Bush., 161; 60 Miss., 242; 77
Ga., 550; 86 id., 9; 32 Mo., 221; 33 id., 405; 33 Mo.
App., 343; 40 id., 40.)

Groesbeck, Chief Justice.

The plaintiff in error seeks a reversal of the judgment of the trial court in favor of the defendant in error. He assigns six grounds of error: (1) that the trial court erred in overruling a motion made by the plaintiff in error to dissolve the attachment; (2) that the court erred in overruling the motion of the plaintiff in error for a change of judge; (3) that the court erred in refusing the demand of plaintiff in error for a jury trial; (4) that the cause was called for trial and tried without notice to the plaintiff in error; (5) that judgment was rendered for the plaintiff below when it should have been rendered for the defendant; and (6) that the judgment was rendered on a trial without notice to the defendant.

1. The action of the trial court in sustaining the attachment can not be reviewed. There is no bill of exceptions containing the evidence produced upon the hearing of the motion to dissolve. The affidavits, motions, and other papers in the attachment proceedings are attempted to be brought into the record by copies thereof certified to by the clerk of the court, but as such matters are not part of the record proper, they can only be made a part of the record by a bill of exceptions. It does not appear that the affidavits contain all of the evidence adduced at the hearing of the motion to dissolve the attachment, and it must appear that all of the evidence is before us that was before the court or judge hearing such motion. An exception was taken to the ruling of the court sustaining the attachment, but no time was asked or allowed within which to prepare and present to the court or its judge in vacation a bill of exceptions, and no bill is in the record. There is no proper record before us, and all the alleged errors are waived by the failure to preserve the exceptions by asking and obtaining time for the preparation and presentation of the bill. Smith Drug Co. v. Casper Drug Co., 40 Pac., 979. (5 Wyo. 510.) Counsel for plaintiff in error abandons this assignment of error by making no

reference to it in his brief, and it would not have been considered if he had not waived it.

2. The motion and affidavit for a change of judge were filed during the progress of the trial, after a witness had testified, and too late to be considered. The motion was overruled by the court and no exception was taken to the ruling. The error, if any, was therefore waived. The motion and affidavit for change of judge are not incorporated in a bill of exceptions where they properly belong.

3. A demand for a jury trial was made after a witness for the plaintiff had testified. No such demand was made when the docket was formally called at the first day of the term, as the statute required, the record stating that upon such call of the docket, the attorney for the defendant waived a jury trial by not then demanding the same and depositing the jury fee as provided by statute. No exception was taken to the ruling of the court denying the motion for a jury trial. The party asking a jury trial must cause the record to show a due request therefor, a refusal by the court and an exception, for in the absence of countervailing facts, it must be assumed that the court did not usurp the functions of the jury. Elliott's App. Proc., Sec. 612. It is evident that this assignment of error is unavailing. Further, the matter was not properly raised on a motion for a new trial, as required by the rules and repeated decisions of this court.

4. It is insisted that the cause was called for trial, tried, and judgment was rendered on a trial without notice to the defendant. The record does not bear out this contention. It does show that there was a general appearance of the defendant below by answer and upon motions, and that a special appearance, as it is designated, was made by the attorney for the defendant. This "special appearance" was in writing, and should have been incorporated in a bill of exceptions instead of being certified to by the clerk. But considering it, as we have no right to do, it attempts to show that the trial court was without juris-

diction because a change of judge had been previously granted by the court, an assertion not borne out by the record. It does not even suggest that the cause was on trial without notice to the defendant, and nowhere in the record does it appear that complaint was made that the defendant had not been notified of the time of trial. The record affirmatively shows the presence of the defendant by counsel during a portion of the trial, when the demand for a jury trial was made, and a motion for a change of judge was offered, and when the so-called special appearance was entered, and the record does not negative the fact that the defendant was present by attorney at other times during the trial. The journal entries of the court, it is true, do not show that the cause was ever set down for hearing, but it may have been that the clerk of the court on the first day of the term made up the trial docket, and set down the cause for trial on the day on which, and at the time when, it was tried. The cause was triable at the term when it was heard and determined, as the issues had been made up long before the beginning of the term, and under the statute, it was the duty of the clerk to enter the cause on the trial docket and set down the cause for trial. Sections 2519, 2522, Rev. Stat. Wyo., as amended by Ch. 39, Sess. Laws 1895. The presumption is that the clerk performed this duty imposed upon him by statute, and that the parties and their attorneys had due notice from this trial docket that the cause would be tried at the time fixed therein by the clerk, as the trial docket is a public record provided by law, of the contents of which attorneys and litigants are bound to take notice. Moreover, in the absence of anything appearing to the contrary, the presumption is that the cause was regularly tried and properly disposed of during the term and at the appointed time, of which all parties thereto had notice. But no objection was raised at any time, while the cause was pending or during the progress of the trial, or after it, before the trial court, although there was an appearance by answer, and also during a por-

tion of the trial, at least, by the attorney for the defendant. The objection to the judgment because it was rendered and the trial had without notice to the defendant is raised for the first time in this court. Affirmative error must appear in the proceedings of a court of superior general jurisdiction, and can not be imputed, as every presumption is in favor of the regularity of its proceedings, which import absolute verity. For aught that appears in the record before us, the defendant, through his attorney, had full knowledge and notice of the setting of the cause for trial, and of the time of trial, and there is nothing to show that the attorney for the defendant was not present during the whole trial. The rendering of judgment before the action stood for trial according to the provisions of law, and the rules of the court shall be deemed a clerical error. Rev. Stat., Sec. 3147. It must be so regarded unless it appears from the record, either by the journal of the court or by bill of exceptions, made a part of the record, that the party complaining had no notice or knowledge of the time of trial. But the presumption is from the record, from the absence of anything to the contrary, and from the silence of the defendant when it should have spoken, that the cause was heard and determined, upon due notice to the defendant.

Counsel for the defendant in error insist that the record presents no matter for the consideration of the court and that there is no reasonable ground for this proceeding in error. They ask for a reasonable counsel fee and that additional interest at the rate of five per cent. per annum during the time of the stay of the execution be adjudged by this court in the judgment of affirmance, pursuant to the provisions of Section 3130 of the Rev. Stat. There is no question that the proceedings in error in this cause were without foundation, but we have grave doubts as to the meaning of the statute invoked, particularly as this is the first application of the kind made to this court, and it is made without argument or the citation of any authorities. The statute should be carefully considered, and we

do not feel inclined to do this without full argument and consideration. The matter will be set down for argument at an early day.

The judgment of the district court for Natrona County is affirmed, and the order of affirmance will not be considered final, but will be subject to amendment if it is considered that counsel fees and additional interest should be allowed.

*Affirmed.*

CONAWAY, J., and POTTER, J., concur.

---

ON APPLICATION FOR COUNSEL FEE AND ADDITIONAL
INTEREST.

GROESBECK, CHIEF JUSTICE.

This cause was heard and determined upon the assignment of error at this term, and the judgment of the district court of Natrona County was affirmed. It was said in the opinion in that case that there is no question that the proceedings in error in the cause were without foundation, and the application of defendant in error for a reasonable counsel fee and additional interest on the judgment of the district court at the rate of five per cent. per annum during the time of the stay of the execution upon the judgment was set down for argument and heard in this court, counsel for the respective parties being present at the hearing. The statute under which defendant in error makes his application for attorneys' fees and damages reads as follows : "When, in any such case, the judgment or final order of the district court is affirmed, there shall be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court, not less than twenty-five nor more than three hundred dollars, to the counsel of the defendant in error ; and the court shall adjudge to the defendant in error damages in such sum as may be reasonable, not exceeding five hundred dollars, unless the

judgment or final order of the district court directs the payment of the money, and execution thereof was stayed in such proceeding in error in the Supreme Court, when in lieu of such penalty, it shall bear additional interest at a rate not exceeding five per centum per annum, for the time for which it was stayed, to be ascertained and awarded by the court; but if the supreme court certify in its judgment that there was reasonable cause for the proceeding in error, neither such fee, nor additional interest, nor penalty shall be taxed, adjudged, or awarded.'' Rev. Stat. 1887, Sec. 3130.

This section is part of the chapter of the code of civil procedure relating exclusively to proceedings in error. The preceding sections of the chapter, 3126 to 3128, inclusive, define a final order which may be vacated, modified, or reversed by a proceeding in error; provide that a judgment or final order made by certain courts and tribunals inferior to the district court may be reviewed on error in the district court, and that a judgment rendered or final order made in the district court, may be reviewed by proceedings in error in the supreme court.    Sec. 3129 regulated the printing of the record on proceedings in error in the supreme court, and was amended and re-enacted by Ch. 37 of the Session Laws for 1890, and was repealed by Ch. 40 of the Session Laws for 1890–91.    This section originally provided for printing so much of the record to be reviewed as to show the error complained of, or the deposit of money therefor, within sixty days after the filing of the petition in error, unless the supreme court on good cause shown should extend the time or dispense with such printing; but where the amount involved did not exceed $500, the printing of the record or any part thereof was not required.    The amendment to the section extended the time for filing the printed copies of an abstract of the record to ninety days, and provided that before the expiration of such time, the court or any member thereof, upon satisfactory proof that the plaintiff in error was a convict or poor person, or that he was a party to

whom the printing would be a hardship, might dispense with the same; and in all other instances, the court or any of its members, upon sufficient cause shown, might dispense with or extend the time for filing said copies. The limitation of $500 or less was removed, and the statute, in effect, gave the court or any of its justices power to dispense with the printed record or abstract of record, or to extend the time for filing the same, before the expiration of the time limited therefor, upon a satisfactory showing. The repeal of these statutes dispenses with the necessity of printing the record or any part of it, under the statute, and the matter is now regulated by a rule of the court. Rule 12 of the supreme court. (Sess. Laws 1895, p. 328.) The effect of Sec. 3129, as it originally stood and as it was amended, has been alluded to in order to determine the construction of Sec. 3130, the one under consideration, as the penalty for instituting a proceeding in error without reasonable grounds therefor rests mainly upon the meaning of the words, "When in any such case, the judgment or final order of the district court is affirmed," etc., the penalties fixed in the statute shall be enforced, unless the supreme court shall certify in its judgment that there is reasonable ground for the proceeding in error. These words "in any such case" doubtless refer to proceedings in error in the supreme court from the district court, and the word "case" means a proceeding in error from the district court to the supreme court. The repeal of Sec. 3129 does not change the construction, for Sec. 3128 now immediately preceding Sec. 3130, the one under consideration, permitting a review of the judgments and final orders of the district court for errors appearing on the record, shows what is meant by the term "in any such case" in Sec. 3130. So that after as well as before the repeal of Sec. 3129, the construction of the words "in any such case" in Sec. 3130, is any case where proceedings in error are instituted to the supreme court from the district court. Sec. 3129, now repealed, did not affect the construction of Sec.

3130 in the least, as it, while in existence, related solely to the printing of the record or a material portion or abstract of it, and did not deal with or have any reference to the matter of penalties for frivolous or unreasonable proceedings in error.

Counsel for plaintiff in error makes no objection to the construction of the statute, as contended for by the opposing counsel, and the construction of the section is too clear to admit of doubt. This court having determined that there was no reasonable cause for this proceeding in error, upon the hearing of the case, the only question remaining to be considered is the amounts to be imposed as a penalty for a reasonable counsel or attorney's fee in the proceedings in error. It is insisted that this statutory rule has never been enforced or recognized by this court since the admission of the State into the Union, and that this fact should be taken into consideration. The rule was enforced by the territorial supreme court in a number of cases, as an inspection of the journals of the court will show. An application like the present has not been heretofore made to this court, and it may well be considered that it has been waived, and that there were reasonable grounds for the proceedings in error in each case, although the judgments of the court do not contain the finding that there were reasonable grounds for the proceedings in error.

The brief of counsel for defendant in error upon the application for attorney's fees and damages, prepared evidently with much care and industry, shows conclusively that provisions similar to the statute under consideration are enforced in many jurisdictions, either under statutes or under the rules of court, and that such provisions for the assessment of damages or penalties for an unreasonable appeal, are considered a salutary and necessary attribute of appellate jurisdiction, and that such power lodged in the appellate tribunal is a proper exercise of appellate jurisdiction, although the amount of the damages or penalty imposed is within the discretion of the court. Taking into consideration the fact that the application is an un-

usual one although clearly warranted by statute, we have not imposed the maximum allowance fixed in the statute.

The defendant in error will be allowed the sum of one hundred dollars as a reasonable fee for his counsel in the proceedings in error, and the judgment of the district court having directed the payment of money, and execution having been stayed, the judgment of the district court will bear additional interest at the rate of one per cent. per annum for the time the judgment was stayed therein.

Conaway and Potter, JJ., concur.