Van DevanteR, C. J.
This cause was heard by this court, and an opinion rendered therein, at a former term. 19 Pac. Rep. 440. No brief having been filed by the defendant in error, the imperfections in the bill of exceptions, which is contained in the record, were overlooked, and, the attention of the ■court having been called to this, a rehearing was granted. McDowell brought the action against Perkins in the district court for the county of Albany, to recover for services rendered. The defendant filed a general demurrer to the plaintiff’s petition, which was overruled; and later he filed a motion and affidavit for a change of venue to another county, which was also denied. Upon the trial the court found for the plaintiff, and rendered j udgment in his favor. The defendant made a motion for a new trial, which was overruled, and, exception being taken to each of these rulings, Perkins brings the case to this court on petition in error.
A motion for a change of venue! with the affidavit supporting the same, and a motion for a new trial, are not pleadings, and can only become a part of the record by being incorporated into a bill of exceptions; but neither of these motions is set out therein. The bill recites the filing of the motion and affidavit for a change of venue, the ruling of the court, and the exception thereto, and then states: “Reference being had to said motion and affidavit of defendant, * * * the same is hereby made a part hereof.” The recitals relating to the motion for a new trial are in the same form. It thus appears that the motion for a change of venue and for a new trial were never embraced in the bill of exceptions, and they are not now copied into ..the bill, as set forth in the record. It is not sufficient for the bill to recite that the motions are made a part thereof, for, as in this case, the recitals may not be true. Such a recital is not an equivalent for the doing of the act which is recited to have been per-, formed. When properly embraced in the bill of exceptions, such motions become a part thereof by reason of being actually copied and set out in the bill at the time of the allowance and signing thereof, and not by virtue of any mere recital like the one in this instance. These motions not being m ade a part of the record, the rulings thereon cannot be considered by this court.
We now come to the question presented by the overruling of the demurrer to the petition. Our statute (section 2652) seems to contemplate that any substantial irregularity or error which could be avoided or corrected by another trial shall be cause for a new trial.. An error committed in ruling upon a demurrer to a pleading is not one which occurred upon the trial, or in the proceedings relating thereto, and would in no sense be avoided or corrected by another trial. The plaintiff in error, (the defendant in the court-below,) in now objecting to the overruling of his demurrer to the petition, does not complain of any matter connected with the trial, but says that there should have been no trial at all upon this petition. Had a new trial been granted by the district court, the error, if any, in the decision upon the demurrer, would not have been reached, and would still remain uncorrected in the record. .It therefore follows that the ruling upon a demurrer to a pleading is not a cause for granting a new trial, and that a motion for a new trial is not necessary to preserve an exception taken to such ruling.
In his petition the plaintiff sued as J. M. McDowell, and it is contended that the letters “J. M.” do not constitute a name, and that the petition, therefore, fails to state the name of the plaintiff. A demurrer is permissible only when the defect complained of is apparent upon the face of the pleading. While it does not occur frequently, there are many instances where single letters constitute the only Christian name. We cannot, then, judicially know that the letters “ J. M.” are not a name, and, as the petition does not disclose that the letters “J. M.” are not the Christian name of the-plaintiff, it - follows *331 that there is no defect apparent on the face of the petition in this respect. The petition is otherwise in the usual form of one for work and labor performed, and we perceive no defect in its allegations. The judgment of the court below is affirmed.
CORN and Saufley, JJ., concurred.