## DOBSON v. OWENS, SHERIFF.

PROCEEDINGS IN ERROR—RECORD—BILL OF EXCEPTIONS—EXCEPTION TO OVERRULING DEMURRER.

1. The pleadings in the trial court are part of the record without being incorporated in a bill of exceptions.

2. A motion for new trial is not necessary to preserve an exception taken to a ruling upon a demurrer to a pleading.

3. The record showing an exception to an order of the trial court overruling the demurrer to the answer, and the petition in error assigning such ruling as error, the proceedings in error will not be dismissed because of imperfections in the bill of exceptions.

[Decided July 25, 1894.]

ERROR to District Court for Weston County. HON. WILLIAM S. METZ, Judge.

On motion to dismiss proceedings in error.

*E. E. Lonabaugh,* for defendant in error.

*Lacey & Van Devanter* and *M. B. Camplin,* for plaintiff in error.

GROESBECK, CHIEF JUSTICE.

The defendant in error moves to dismiss the proceedings in error for want of jurisdiction in this court, because in effect, the journal entries of the court as embodied in the transcript do not show that time was asked or given to reduce the exceptions of plaintiff in error to writing and present them to the court, although the bill of exceptions shows that the plaintiff in error presented her bill of exceptions to the judge of the court before whom the cause was tried, in vacation, within the time given for settlement and allowance, which is permitted by the express provision of statute. The transcript of the journal entries of the district court does not show that time was asked or given to the plaintiff in error to prepare and present her bill of exceptions for allowance to the court or judge. However, the transcript which it is admitted is defective, shows that the demurrer of the plaintiff in error to the answer of the defendant in error in the trial court was overruled and an exception was taken to the adverse ruling of the court by the plaintiff in error, and this ruling of the trial court is assigned as error in the petition in error. This is sufficient to confer jurisdiction upon this court, without regard to the matters presented in the bill of exceptions. The pleadings in the trial court are a part of the record, and there is no necessity for incorporating them in the bill of exceptions. The ruling upon a demurrer to a pleading is not cause for granting a new trial, and a motion for a new trial is not necessary to preserve an exception taken to such ruling. Perkins v. McDowell, 3 Wyo., 328, 23 P., 71. It appears therefore that the record of the court below presented by the transcript shows that an exception to the ruling of the trial court overruling the demurrer to the answer of defendant was taken by the plaintiff, and the petition in error contains an assignment of error based on this action of the court. So, notwithstanding any seeming conflict between the bill of exceptions and the record of the court, as shown by its journal entries, sufficient matter is presented to this court upon

alleged errors in settling the pleadings to give this court juris-diction of the cause.  The motion to dismiss is denied.

Counsel for plaintiff in error having suggested a diminu-tion of the record, and having asked leave to file an amended transcript containing all the journal entries of the court in usual form, the request is granted, and the amended transcript is here substituted for the original transcript filed.  This presents for review, with the assignment in error of the trial court, the action of the trial court in overruling the demur-rer of the plaintiff below to the answer of the defendant.

CONAWAY and CLARK, JJ., concur.