## RUBEL ET AL. v. WILLEY, SHERIFF, ET AL.

ERROR AND APPEAL—MOTION FOR NEW TRIAL.

1. That the evidence is insufficient to sustain the findings and judgment, and that errors of law occurred at the trial, are grounds for a new trial.

2. Assignments of error based upon matters which constitute grounds for new trial will not be considered unless there is a motion for new trial embraced in a bill of exceptions.

[Commenced in District·Court October 2, 1893.   Decided June 25, 1895.]

ERROR to the District Court for Sheridan County.   HON. WILLIAM S. METZ, Judge.

Rubel Brothers, a copartnership, brought replevin against the sheriff of Sheridan County, to recover possession of certain personal property of which plaintiffs claimed ownership. The sheriff held the goods under attachment in a suit brought by the Sheridan Brewing Company against J. A. Jones.   Said company, in some way not disclosed by the record, probably by intervention, became a defendant and called "substituted defendant;" but it seems that the sheriff was also retained as a defendant in the cause.   The question in the trial court seemed to hinge upon a certain bill of sale executed by an agent for Jones to Rubel Brothers, who were creditors of Jones.   A motion for new trial was embraced in the transcript, certified to, together with the pleadings, by the clerk of court; but it was not incorporated in the bill of exceptions.

*John P. Arnott,* and *Burke & Fowler,* for plaintiffs in error, contended that the court committed error in holding the bill of sale void, and that the act of the agent in executing it had been ratified by Jones: that such ratification may consist in silence upon notice of the agent's act, and that the ratification has the same effect as a previous authority, and cited Story on Agency, 244. It was also argued that the fact that the consideration was $265, while the property may have been worth $600, did not render the sale fraudulent; that to have such an effect gross inadequacy must exist, and cited 3 Am. & Eng. Enc. L., 831; Hind v. Holdship, 2 Watts, 104; Smock v. Pierson, 68 Ind., 405; 78 id., 285; 85 id., 294; 42 N. Y., 362. Upon the general question of the ratification of the act of one assuming to be an agent, the following were cited: (Rich v. Bank, 7 Neb., 201; Lee v. West, 41 Ga., 311; Cairnes v. Bleecker, 12 Johns, 300; Peterson v. Mayor, 17 N. Y., 449; Rogers v. Kneeland, 10 Wend., 218; Woodward v. Suydam, 11 O., 360; Kelsey v. Bank, 69 Pa. St., 426; R. R. Co. v. Hall, 48 Wis., 317; Berger's App., 96 Pa. St., 443; Drakeley v. Gregg, 8 Wall., 242; Sandwich Co. v. Shiley, 15 Neb., 109; 1 Am. & Eng. Enc. L., 339; Searing v. Butler, 69 Ill., 575; Hurd v. Marple, 2 Bradw., 297; Stockbridge v. Same, 14 Mass., 257; McClelland v. Whiteley, 15 Fed., 322; U. S. Ex. Co. v. Rawson, 106 Ind., 215.

*E. E. Lonabaugh,* for defendants in error, contended that the judgment should be affirmed on the ground that the one executing the bill of sale was not the agent of Jones, and that he had no authority to make the conveyance; that there was no ratification, which was a question of fact, and cited (Pohl v. Davenport, 46 Ill. App., 513; Meyer v. Smith, 21 S. W., 995; 1 Am. & Eng. Enc. L., 438; R. R. Co. v. Jay, 65 Ala., 113; Walters v. Monroe, 17 Ind., 154; Ladd v. Hildebrant, 27 Wis., 135; Bosseau, 4 Biss., 395; 51 Conn., 153; 3 Ill. App., 256; 57 Wis., 425; 6 Cal., 244; 37 id., 118). It was also urged that a subsequent ratification of a wrongful act of an agent can not affect intervening rights of third persons, and cited (Taylor v. Robinson, 14 Cal., 396; 27 id., 228; 57 id., 12; 6 id.,

328; Pollock v. Cohen, 32 O. St., 514; 29 id., 441; 7 Ala., 800). Also that the bill of sale was fraudulent for the reason that it transferred all the property of an insolvent debtor. (Bump. Fraud. Conv., 35.) Inadequacy of consideration. (Moore v. Penn, 10 S., 343; Thompson v. Richardson, 50 N. W., 948; 49 Kan., 23, Lewis v. Hughes; McDonald v. Guant, 30 Kan., 693; Story's Eq. Jur., 246.)

CONAWAY, JUSTICE.

The property in controversy in this action was seized as the property of James A. Jones by Dennis H. Willey, sheriff of Sheridan County, and the original defendant herein, by virtue of a writ of attachment issued at suit of the Sheridan Brewing Company, substituted defendant herein, against the property of the said Jones. It is a part of a quantity of property conveyed to plaintiffs in error by John J. Dolan, as agent for Jones, in payment of antecedent indebtedness of Jones to plaintiffs in error, amounting, as found by the trial court, to $265.00. The trial court fixes the value of the property so conveyed at $600.00, and a special interest of defendant in error therein at $291.00, for which last mentioned amount, with interest at twelve per cent. per annum from September 26, 1893, and cost, judgment is given in favor of defendant in error.

The assignments of error are based partly upon the insufficiency of the evidence to sustain the findings and judgment, and partly upon errors of law occurring at the trial. These are grounds for a motion for a new trial, and no motion for a new trial is authenticated to this court by appearing in the bill of exceptions. The rules of this court, by express legislative enactment, have the force of statutes. Rule 13 provides as follows:

"Nothing which could properly have been assigned as a. ground for a new trial in the court below will be considered in this court unless it shall appear that the same was properly presented in the court below by a motion for a new trial, and that the motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions."

It is established by a long line of concurring decisions that such errors as may be presented by a motion for a new trial will not be reviewed in an appellate court unless the motion for a new trial is embraced in the bill of exceptions. See Seibel v. Bath, decided at this session. This is not done in this cause. A court sometimes suspends the operation of its own rules to avoid an inequitable result. We have looked through the record in this case and do not find it to be a case of that character. The finding of the trial court that the sale of the attached property before the levy of the writ of attachment was unauthorized, and for an inadequate consideration, and void as to attaching creditors, is sustained by the evidence. The judgment of the district court is therefore affirmed.

GROESBECK, C. J., and POTTER, J., concur.