## GROVES, ET AL., v. GROVES, ET AL.

APPEAL AND ERROR—PETITION IN ERROR—BILL OF EXCEPTIONS.

1. A petition in error is sufficient which sets forth the final order complained of, assigns the same as error on the grounds that it is not in accordance with the facts or law, and assigns as error the overruling of a motion for a new trial.

2. Evidence must be preserved by bill of exceptions.

3. Affidavits used on the trial of the case as evidence, by stipulation, are not properly in the record by being only attached to the petition in error, and not embraced in a bill of exceptions.

4. A motion for new trial, to be of any avail on error, must be embraced in, and the exceptions based thereon preserved by, a bill of exceptions.

5. Where it appears by the petition in error, that in the absence of the evidence, there is no question for consideration, and the evidence is not preserved by a bill of exceptions, the proceedings in error will be dismissed on motion.

6. Where nothing is presented which could not have been properly assigned as ground for new trial, and it does not appear by the bill of exceptions that a motion for new trial was filed, or that it was overruled, or that an exception was at the time reserved to such ruling, the proceedings will be dismissed on motion.

[Decided August 1, 1900.]

ERROR to the District Court, Converse County, HON. RICHARD H. SCOTT, Judge.

On motion to dismiss. The grounds are stated in the opinion.

*Charles F. Maurer*, and *Burke & Fowler*, for defendants in error, for the motion.

The requirements of law have not been complied with as to the filing of a petition in error. (R. S., Sec. 4251; Rule 11 of this court.) There is no transcript. Such files as are here are merely attached to the petition in error as a part thereof. A failure to file the papers required by the rules of the court is a ground for dismissal. (Hallack v. Bresnahen, 3 Wyo., 73; Spencer v. McMaster, id., 105; Trabing v. Meyer, id., 133; Cronkite v. Bothwell, id., 739; Bank v. Anderson, 6 id., 521.) Affidavits and motions can not be brought into the record by copies certified by the clerk. (Syndicate Imp. Co. v. Bradley, 6 Wyo., 171; Van Horn v. State, 5 id., 501; R. S., Sec. 3743). When the verdict or finding is claimed to be against the law or evidence, the evidence must be embraced in a bill of exceptions, and if that is not done, and motion for a new trial is not in the bill, the case must be dismissed. (Rule 13; Murrin v. Ullman, 1 Wyo., 36; Geer v. Murrin, id., 37; Garbanati v. Co. Com'rs, 2 id., 502; Howard v. Bowman, 3 id., 311; France v. bank, id., 187; Cook v. Terr'y, id., 110; Wheaton v. Rampacker, id., 443; McKinney v. State, id., 719; Johnston v, Little H. C. Co., 4 id.,

164; Siebel v. Bath, 5 id., 409: Rubel v. Willey, id., 427; Smith Drug Co. v. Casper D. Co., id., 510; Boulter v. State, 6 id., 66; Syndicate Imp. Co. v. Bradley, id., 171; Conway and Nickerbocker v. Smith Merc. Co., id., 327; Johnson v. Golden, id., 527; Bank v. Anderson, id., 521.)

*W. F. Mecum*, for plaintiffs in error, *contra*, contended that the petition in error was sufficient, and the evidence and motion for new trial appeared in the transcript as required by law and the rules of court.

Potter, Chief Justice.

Defendants in error move to dismiss the proceedings in error herein. The grounds of the motion are that there is no petition in error, no transcript of the record, no proper bill of exceptions, that the motion for a new trial is not incorporated in a bill of exceptions, and that the purported bill of exceptions does not show that it contains all the evidence.

We do not think that the objection that there is no petition in error is well taken. The petition recites the various proceedings had in the cause anterior to the judgment complained of. While it was unnecessary for the petition in error to rehearse those matters, they can be treated as surplusage. It sets forth, however, the final order complained of, and assigns the same as error on the ground that it is not in accordance with the facts or law; and also assigns as error the overruling of a motion for a new trial.

Upon the ground that the evidence and the motion for a new trial are not embraced in a bill of exceptions, the motion must be sustained. Plaintiffs in error seek the review and reversal of an order made January 9, 1900, adjudging that Emma Groves, one of the defendants in error, is entitled to the whole of the estate in Wyoming of her deceased husband, Samuel D. Groves. It seems that the right of the widow to the estate was contested by

Elizabeth Lashley and John Groves, sister and brother respectively of the deceased. The contest was made, and the order or judgment entered in the proceedings in probate for the settlement of the estate of said decedent. From the final order it appears that the matter of the contest was heard upon the petition of the widow and administrator and the answers of John Groves and Elizabeth Lashley. The court found that the estate within the State of Wyoming, and subject to the jurisdiction of the court, did not exceed in value the sum of ten thousand dollars, and the whole thereof, left in the hands of the administrator, was awarded to the widow pursuant to the provisions of Section 4358, Revised Statutes.

Inconsistency between the findings and judgment is not charged. But the complaint is that the judgment is not supported by the law or the facts.

The objections urged by counsel for plaintiffs in error in their brief all relate to the finding of the court as to the value of the estate. That finding is embraced in the order complained of which shows that a hearing was had upon evidence. The evidence was not preserved by bill of exceptions, the only method provided by law for preserving it for consideration on error. There is a paper attached to the petition in error called a bill of exceptions, but it contains none of the evidence, although upon its face it shows that there was evidence given at the hearing.

An attempt is made to bring up the evidence in another manner. Several affidavits, and a stipulation as to certain facts, and permitting the use of the affidavits instead of depositions, are attached to the petition in error as exhibits; and we understand from the petition in error that it is intended to allege that they were used upon the hearing in the court below; but it is not stated anywhere in any of the papers that the transcript embraces all the evidence. But the evidence cannot be preserved for consideration on error in any such manner. The affidavits and agreed statement as to certain facts do not belong in

the record proper, and to become part of the record must
be embraced in a bill of exceptions.

No motion for a new trial is embraced in the bill of
exceptions, nor does the bill refer to such a motion in
any way.   The petition in error states that a motion for a
new trial was filed and overruled and refers to a paper
annexed to it as an exhibit as the motion so filed; and the
paper is certified to by the clerk of the court as the motion
for a new trial.   Under oft-repeated decisions of this
court and its rules of long standing, a motion for a new
trial, to be of any avail on error, must be embraced in,
and the exceptions based thereon preserved by, a bill of
exceptions.   If the motion be not contained in the bill,
the effect in this court is the same as if no motion had
been made.

The motion to dismiss must therefore be sustained—
First, because the bill of exceptions does not contain the
evidence given at the hearing in the court below, and in
the absence of a bill containing all the evidence the peti-
tion in error presents no question which we can consider.
Second, because nothing is presented which could not
have been properly assigned as ground for a new trial,
and it does not appear by the bill of exceptions that a
motion for new trial was filed, or that it was overruled,
or that an exception was at the time reserved to such
ruling; and none of these matters are embraced in
the bill.

Corn J., and Knight J., concur.        *Dismissed.*