## FREEBURGH v. LAMOUREUX, ET AL.

BILL OF EXCEPTIONS—RECORD—NEW TRIAL—APPEAL AND ERROR.

1. The ruling upon a motion for new trial and the exception thereto must be brought into the record by bill of exceptions to entitle the same to review in the Supreme Court on error; it is not sufficient that such ruling and exception appears in a journal entry.

2. Where the bill of exceptions embraces only such exceptions as are required to be presented to the trial court by motion for new trial before they can be considered on error, and the bill fails to show the ruling on the motion and the exception thereto, the bill may be stricken from the record.

3. A paper purporting to be counsel's office copy of the bill of exceptions, but not filed or certified, cannot be resorted to by the Supreme Court for the purpose of curing a defect in the bill that is regularly authenticated by the Judge, filed in the office of the Clerk, and certified to this court.

4. To authorize the review on error of a judgment on the ground that the findings are not sustained by sufficient evidence and are contrary to law; that the court refused to make special findings of fact and law on request; that error occurred in the admission of testimony, or on the ground of newly discovered evidence, it is necessary that such matters should have been first presented to the court below by a motion for new trial, which must have been overruled and an exception reserved thereto.

[Decided August 20, 1903.]                    (73 Pac., 545.)

ERROR to the District Court, Fremont County, HON. CHARLES W. BRAMEL, Judge.

On motion to strike the bill of exceptions from the record.

*N. E. Corthell,* for plaintiff in error.

There is no case in this court expressly deciding that the order overruling the motion for new trial, and the exception

thereto, must appear in the bill. The office of the bill is to bring into the record the testimony and the papers which are not otherwise parts of the record. (McGonigle v. Arthur, 27 O. St., 252; Horner v. Batdorf, 35 id., 117; Young v. Martin, 8 Wall., 354.) The judgment and orders made in the progress of the cause are proper matters of record. (R. S., 1899, Secs. 3430, 3435, 3436, 3751, 3776-3779.) "All such original papers in the case" and a duly authenticated transcript of all journal entries, or all journal entries of record as may be necessary to exhibit the errors complained of, are to be brought up, and these papers and transcript are made a part of the record in the Supreme Court. (Laws 1901, Ch. 3, p. 5.) Journal entries are part of the record proper, and it would be repetition to have them embodied in the bill, and in case of conflict between the journal entries and bill, the court would be driven to the necessity of deciding in favor of one or the other. In Ohio the journal entry must show the error complained of. (Windherst, 1 O. C. C., 28.) Also in West Virginia. (Gilmer v. Sidenstricker, 42 W. Va., 52.) And in Ohio the precise question here was decided in opposition to the point made by the motion in this case. (Fleishman v. Shoemaker, 2 O. C. C., 152.) Also in Nebraska. (State v. Bartley, 56 Neb., 810.)

*Gibson Clark*, for the defendant in error.

The statute (Sec. 3743, R. S.) plainly establishes the method of bringing into the record the ruling upon the motion for new trial and the exception thereto, viz: by bill of exceptions. The court rule (13) simply emphasizes the statutory requirement. (2 Ency. Pl. & Pr., 273-276; Lockhart v. Brown, 31 O. St., 431; Ry. Co. v. Thurston, 44 O. St., 525; Siebel v. Bath, 5 Wyo., 409; Boulter v. State, 6 Wyo., 66; Bank v. Anderson, 7 Wyo., 441; Groves v. Groves, 9 Wyo., 173.)

POTTER, JUSTICE.

On behalf of one of the defendants in error, a motion is filed in this cause to strike the bill of exceptions from the

record on the ground that it sets forth only such exceptions as could have been reviewed by the trial court on a motion for a new trial, and that the bill fails to show that such motion was either sustained or overruled by the court below, or that any exception was reserved by plaintiff in error to whatever order was made upon it.

The bill of exceptions contains a motion for new trial by the plaintiff in error, who was defendant below; but there is no disclosure in the bill itself that the motion was overruled, or if overruled, that the ruling was excepted to. Among the journal entries made in the cause, however, and certified to this court by the Clerk of the District Court, appears an entry as follows: "Comes now the above named defendants and present to the court their motion for new trial of this action; the court having heard said motion read and the argument of counsel thereon, and being fully advised in relation thereto, orders that said motion be and the same is hereby denied, to all of which defendant now and here excepts."

The proposition does not seem to be disputed that every exception embraced in the bill and dependent upon it for its preservation is of a character required by our rules and practice to be presented to the trial court by motion for new trial before it can be reviewed by this court on error. It is, however, insisted that the order entered on the journal sufficiently shows the overruling of the motion and the exception thereto, and constitutes said ruling and exception a part of the record independent of the bill.

Rule 13 of this court explicitly requires the ruling upon the motion for new trial, and the exception thereto to be exhibited in the bill of exceptions. That rule is as follows: "Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall

be embraced in the bill of exceptions. The ruling of the
court below upon each matter presented by a motion for
new trial shall be sufficiently questioned in this court by an
assignment that the court below erred in overruling such
motion for a new trial."

In Bank of Chadron v. Anderson, 7 Wyo., 441, we said:
"The exception to the ruling of 'the court denying the mo-
tion must appear in the bill, and we could not resort to
any other record to supply it, and the reference above made
to the failure of the entire record to show such an excep-
tion is mentioned merely by way of emphasis to show the
more clearly, if possible, that, however much we might be
inclined to favor the bill by every reasonable intendment,
that would not permit us to supply an omission of such an
essential requirement as an exception to a ruling which is
assigned as error." It was held in that case that the pro-
visions of rule 13 in this respect were the necessary result
of the statute on the subject. (See also Boulter v. State,
6 Wyo., 66; Siebel v. Bath, 5 Wyo., 409; Groves v. Groves,
9 Wyo., 173.) And we think that the rule is not incon-
sistent with the statute. Section 3742, Revised Statutes,
provides: "When the decision objected to is entered on
the record, and the grounds of objection appear in the entry,
the exception may be taken by the party causing it to be
noted at the end of the entry that he excepts." Prior to
the adoption of this provision from the code of Ohio it was
held by the Supreme Court of that state that the same ap-
plied only where the decision would properly be entered of
record, if no exception was taken to it; and was not in-
tended as a substitute for a bill of exceptions, where the
exception relates to matters occurring during the trial.
(Lockhart v. Brown, 31 O. St., 431.) In that case the ex-
ception related to the charge of the court to the jury, which
was improperly made part of the entry.

It is provided, however, by the succeeding section (3743)
as follows: "When the decision is not entered on the rec-
ord, or the grounds of objection do not sufficiently appear

in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury was waived, the finding of the court, is against the law or the evidence, the party excepting must reduce his exceptions to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance." The statute itself, therefore, requires the exception to be shown by bill when it relates to an opinion of the court on a motion for new trial, because the verdict or findings are against the law or evidence. (Ide v. Churchill, 14 O. St., 372; Westfall v. Dungan, id., 276; Turner v. Turner, 17 O. St., 450.)

One ground of the motion in this case was that the findings are not sustained by sufficient evidence and are contrary to law. The other grounds were that the court refused to make special findings of fact and law, upon request; error in the admission of testimony; and newly discovered evidence. It is clear that all of these alleged errors were such as are properly assigned as grounds for new trial, and that to be considered here they must have been properly presented to the court below by such motion, which must have been overruled, and an exception reserved thereto.

The case of Fleischman v. Shoemaker, 2 O. Cir. C., 152, is cited as holding that a journal entry showing the exception to the overruling of the motion sufficiently brings the same into the record without its appearance in the bill of exceptions. It is true that it is so held in that case decided by the Circuit Court for the First Circuit in Ohio. But the case goes even beyond that and holds, as we understand, that it is not necessary in such case that the motion itself should be embraced in the bill. The court say that the motion for new trial is a part of the record in the cause, and the assertion is based upon Section 5334 of their statute, which is like Section 3775 of the statutes of this State. It

is said by the court that the statute requires "all verdicts, orders and judgments, with the exceptions taken thereto, to go upon the journal of the court." The statute does not expressly require the exceptions to the orders to be entered on the journal; hence the statement of the court to that effect is evidently to be understood as its construction of the statute.

Section 3772, Revised Statutes, requires that: "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action." And it is provided by Section 3775 as follows: "The records shall be made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." Upon these statutes this court has held in several cases that a motion for new trial is not a part of the record unless incorporated in a bill of exceptions. (Johns v. Adams, 2 Wyo., 194; Garbanati v. Board, 2 Wyo., 254; Perkins v. McDowell, 3 Wyo., 328; Rubel v. Willey, 5 Wyo., 427; Seibel v. Bath, id., 409; Boulter v. State, 6 Wyo., 66.) We are not disposed to overrule these decisions. We are satisfied that they proceed upon a correct interpretation of the statute; but did we entertain a contrary opinion, the rule of practice established by them, and incorporated in our rule 13, has stood too long to be lightly overturned by judicial decision.

The decision in Fleischman v. Shoemaker, *supra,* was evidently induced upon the theory that the motion for new trial constituted a part of the record proper; and hence, in view of a contrary rule well established here, it cannot be accepted as an authority upon the question before us.

A case has been cited from Nebraska to show that it is sufficient if the ruling of the court on the motion, and the exception thereto, appear by journal entry. (State v. Bartley, 56 Neb., 810.) But, although that state has also adopted in a measure the Ohio code, the section of their statutes corresponding to our Section 3743 is not like the latter, nor does there seem to be in that state any similar

provisions requiring exceptions to the opinion of the court upon a motion for new trial to be shown by bill of exceptions.

The rule in a number of other jurisdictions is that the motion for new trial, the order overruling the same, and the exceptions thereto must appear in the bill to be considered as a part of the record by the reviewing court. (Sutherland v. Putnam (Ariz.), 24 Pac., 320; McMeacham v. Christy (Okla.), 41 Pac., 382; Rich v. French (Ida.), 35 Pac., 173; Perego v. Dodge, 9 Utah, 3; 33 Pac., 221; Hecla Gold Min. Co. v. Gisborn, 21 Utah, 68; 59 Pac., 518; State ex rel. v. Burckhartt, 83 Mo., 430; State v. Marshall, 36 Mo., 400; McClurkin v. Ewing, 42 Ill., 282; Stern v. People, 96 Ill., 475; Berman v. Wolf, 40 Ark., 251; Richmond, &c., R. Co. v. Jones, 102 Ala., 212; Stevenson v. Detroit, &c., R. Co., 118 Mich., 651; Oregonian R. Co. v. Wright, 10 Ore., 162; Fort Scott v. Deeds, 36 Kan., 621.) And this is said to be the general rule. (2 Cyc., 1070.) The decisions above cited are, of course, based upon statutes prescribing the contents of the record proper, or designating the matters required to be preserved by bill of exceptions. But in the main they do not generally, we think, differ essentially from the provisions of our statute.

The object of a bill of exceptions, as has often been stated, is to bring into the record matters that otherwise are not a part of it. It is designed to preserve a record of the exceptions taken to the rulings of the court. The only apparent or beneficial purpose of incorporating a motion for new trial in a bill is to make a record showing the exception taken to a ruling upon it. The motion is brought into the record to illustrate the exception by showing the grounds of the objection. A bill of exceptions is defined as a formal statement in writing taken by a party to the decision of the court upon a point of law, clearly stating the objection, with the facts and circumstances upon which it is founded, which, to attest its accuracy, is authenticated by the trial judge according to law. (Powell on App. Pro.,

211; 3 Ency. Pl. & Pr., 376.)    The bill in this case cannot be said to be a statement of the exception taken to any ruling upon the motion for new trial, since it embraces nothing more than the motion itself, without any reference to the action of the court thereon.    Although the journal entry recites a ruling and an exception thereto, the grounds of the objection do not appear therein.

Originally at common law proceedings in error examined only the record.    They did not review the facts upon which judgment was founded.    Hence many errors that might have transpired in the case ·could not be reached, for the reason that they would not appear in the record. This was remedied by statute of Edward I., by which, when a party objected to any matter decided by the court, the judges were required to allow the exception by a bill by them sealed, showing the matter so excepted to, which thereby became a part of the record.

It is necessary, therefore, to resort to the statute to discover what constitutes the record.    We have quoted the statute in this particular, and are of the opinion that the rule of court is entirely consistent with it.    Upon the bill of exceptions, therefore, there is nothing for the court to consider.

Counsel for plaintiff in error on the argument of the motion to strike submitted an office copy of the bill, which copy, it appeared, contained a statement to the effect that the motion for new trial was overruled and that an exception was reserved to such ruling.    The copy was not certified, nor did it appear to have been filed.    It cannot be resorted to for the purpose of curing the defect in the bill regularly authenticated by the judge, filed in the office of the clerk and certified to this court.    It probably shows that the defect in the original bill may have been the result of inadvertence on the part of someone other than counsel in arranging the bill for the signature of the judge. The motion to strike must be granted.

CORN, C. J., and KNIGHT, J., concur.