## FITZPATRICK v. ROGAN.
### (No. 1016; Decided May 3, 1921; 197 Pac. 565.)

APPEAL AND ERROR—PETITION IN ERROR SHOULD DESCRIBE JUDGMENT OR ORDER COMPLAINED OF—WHERE SOLE ASSIGNMENT OF ERROR IS DENIAL OF MOTION FOR NEW TRIAL BILL OF EXCEPTIONS CONTAINING MOTION IS REQUIRED.

1. A petition in error omitting a description of the order or judgment complained of, is defective and where the sole assignment of error therein is the denial of a motion for new trial, will be dismissed in the absence of a bill of exceptions properly prepared, allowed and signed containing the motion for new trial.

  2. An order denying a motion for a receiver *pendente lite* will not be reviewed unless made a part ·of the record by a bill of exceptions, such order not being a part of the record proper under Comp. Stats. 1920, Section 5903.

ERROR to the District Court, Sweetwater County; HON. JOHN R. ARNOLD, Judge.

This was an action by John F. Fitzpatrick against Frank P. Rogan and another. From an order denying a motion for the appointment of a receiver *pendente lite,* plaintiff brings error.

*T. S. Taliaferro, Jr.* and *W. A. Muir,* for Plaintiff in error.

· *Brown & De Nise,* for Defendants in error.

POTTER, C. J.

This cause was brought in the district court for the dissolution of an alleged partnership and for an accounting, the plaintiff alleging by his petition, among other things, that he has been ousted from the partnership business, that the same is being conducted by his alleged partner, one of the defendants, that the latter is in possession of the partnership property, and refuses to allow the plaintiff any voice, share or interest in said business, or to account therefor. The record does not show a trial or a disposition of the cause upon the merits, but the case is here on error for the review only of an order denying a motion of the plaintiff for the appointment of a receiver *pendente lite.* At least, that is the only appealable order in the record, and is the order complained of by the brief of plaintiff in error, and the only order referred to in the briefs as before this court for review. The petition in error contains no description of the particular order or judgment complained of, but is defective in that respect. (Commissioners v. Shaffner, 10 Wyo. 181, 68 Pac. 14; Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448.) It alleges merely that there is error prejudicial to the plaintiff in error in the record and proceedings of the district court in said cause, referred to by its title, and

assigns as error only the denial of the motion of the plaintiff in error for a new trial.

The order aforesaid recites that the motion of the plaintiff, John F. Fitzpatrick, asking for the appointment of a receiver, came on to be heard, and the court having heard the argument of counsel in the matter and being fully advised in the premises doth deny said motion, to which order and ruling the plaintiff did then and there object and except. The record shows also another order in the cause of the same date, denying plaintiff's motion for a rehearing of the order denying the motion for the appointment of a receiver, and reciting that plaintiff objected and excepted thereto, and that, at plaintiff's request, he is granted until the next term of the court and the statutory period to present his bill of exceptions for allowance.

As above stated, there is but a single assignment of error, viz: that the court erred in denying the motion of the plaintiff in error for a new trial. And that assignment cannot be considered for the very substantial and conclusive reason that the motion for new trial is not properly in the record, there being no bill of exceptions nor anything to show that a bill was presented and allowed or filed in the court below. On the contrary, the authenticating certificate of the clerk of the district court states that the record on file here contains every pleading, motion and document filed in the case as well as each and every order made and entered therein. That certificate is dated August 5, 1920, and the record was filed in this court on August 9, 1920. If a bill has been presented, allowed and filed in the district court since that time, no effort has been made to bring it here by suggestion of a diminution of the record or otherwise, and we recall no reference to a bill of exceptions in the briefs.

It was said long ago and frequently repeated in the decisions of this court that a motion for a new trial is not a part of the record unless incorporated in a bill of exceptions properly prepared, allowed and signed. (Garbanatti v. County Commissioners, 2 Wyo. 257; Seibel v. Bath, 5 Wyo.

409, 40 Pac. 756; Rubel v. Willey, 5 Wyo. 427, 40 Pac. 761;
Bank of Chadron v. Anderson, 7 Wyo. 441, 53 Pac. 280;
Groves v. Groves, 9 Wyo. 173, 61 Pac. 866; Campbell v. Sar-
atoga State Bank, 24 Wyo. 359, 158 Pac. 267; Morgan v.
State, 26 Wyo. 211, 181 Pac. 598; Chatterton v. Bonelli,
196 Pac. 316; Supreme Court Rule 13.)   It is said in Bank
v. Anderson, supra, that the exception to the ruling of the
court denying a motion for a new trial must appear in the
bill, and that the court cannot resort to any other record to
supply it.   And in Campbell v. Bank, supra, it was held
that where the only error assigned is the overruling of the
motion for a new trial, it will not be reviewed unless the
motion be incorporated in a properly authenticated bill of
exceptions, duly certified by the clerk as a part of the
record.   The question is discussed and other cases cited in
our recent decision in Chatterton v. Bonelli, supra.

Again, it may be at least questionable whether the as-
signment that the court erred in overruling the motion for
a new trial would alone be sufficient to present for review
the order of the court denying a receiver as a provisional
remedy, for it is not clear that such a motion would be
necessary or proper, either to preserve the exception to the
order or to present the question again in the district court,
especially if, as conceded by counsel in their briefs, the
motion for the appointment of a receiver was submitted to
the court below solely upon the verified pleadings.   The
rule of this court applicable to proceedings in error, pro-
viding that nothing which could have been properly as-
signed as a ground for a new trial in the court below will be
considered unless it shall appear that the same was properly
presented to the court below by a motion for a new trial,
and that such motion was overruled, and exception was at
the time reserved to such ruling, all of which shall be em-
braced in the bill of exceptions, provides also that the ruling
of the court below upon each matter presented in the mo-
tion for a new trial shall be sufficiently questioned in this
court by an assignment that the court below erred in
overruling such motion for a new trial.   (Rule 13.)   But

in First National Bank v. Swan, 3 Wyo. 356, 23 Pac. 743, which was before the court on error for the review of an order discharging an attachment, it was contended that the judgment should be affirmed for the failure of the plaintiff to move for a new trial in the court below. And it was held that such a motion was not necessary, for the reason that the issue tried was not one of fact or of law arising out of the pleadings; and, referring to the sections of the statute defining a new trial as a "re-examination in the same court of an issue of fact after a verdict by a jury, a report of a referee or master, or decision of the court," and other sections defining a trial, the court said: "From these provisions, and from the sections which follow those quoted, it seems clear that the action of a court in hearing and determining a motion to discharge an attachment is not, in a strict legal sense, a trial, and therefore the action of the court may be reviewed in error, if the entire record, including the final judgment in the case is brought up, although a motion for a new trial was not made below." In Anderson v. Englehart, 18 Wyo. 196, 105 Pac. 571, which had been brought to this court by a proceeding in error for the review of an order denying a motion to dissolve a temporary injunction, the court said: in considering a motion to dismiss upon the ground that a motion for a new trial had not been made in the district court: "The rule does not apply where a review is sought of an order such as is here complained of. Under the statute, a new trial is a re-examination of an issue of fact after verdict of a jury, a report of a referee or master, or decision of the court," citing and quoting from Bank v. Swan, supra, and, continuing: "The proceeding and hearing on a motion to discharge an attachment is in this respect analogous to a motion and hearing thereon to dissolve a temporary injunction, and the same principle applies." See also Commissioners v. Shaffner, and Siebel v. Bath, supra.

There is still another reason which would prevent a consideration here of the question presented as to the right of the plaintiff to the appointment of a receiver. The order

recites as above stated that the hearing in the district court was upon the motion of the plaintiff for the appointment of a receiver, and it is also stated in the briefs that the hearing was had upon such a motion. And that motion, in the absence of a bill of exceptions, is not properly in the record here. It is not a part of the record proper. (Comp. Stat. 1920, § 5903; Boulter v. State, 6 Wyo. 73, 42 Pac. 606.) Among the authenticated original papers in the case there is such a motion, but in a proceeding in error it cannot be made a part of the record except by being incorporated in a bill of exceptions. (Perkins v. McDowell, 3 Wyo. 328, 23 Pac. 71; Syndicate Improvement Co. v. Bradley, 6 Wyo. 171, 43 Pac. 79, 44 Pac. 60; Littleton v. Burgess, 16 Wyo. 58, 91 Pac. 832; LeClair v. Hawley, 18 Wyo. 23, 102 Pac. 853.) While the petition in the cause prayed, among other things, for the appointment of a receiver of the partnership moneys, property and good-will, it did not ask for such appointment *pendente lite*, and it does not appear that the application was made upon that prayer in the petition, but, on the contrary, that it was made by motion, and not until after the issues had been made up by the filing of the necessary pleadings.

There being nothing for this court to consider, for the reasons stated, we think it would be competent to either affirm the judgment or dismiss the proceeding in error. But as the defendants in error have not moved to affirm on the ground of the insufficiency of the record to authorize a review of the order complained of, and do not raise that question, a dismissal of the proceedings in error will be ordered, and without prejudice.

*Dismissed.*

KIMBALL, J., concurs.

BLUME, J., did not sit, the cause having been submitted before he became a member of the court.