## "W" SHEEP COMPANY vs. PINE DOME OIL COMPANY

(No. 1140, September 15th, 1924; 228 Pac. 799.)

APPEAL AND ERROR—COMPUTATION OF TIME FOR PROCEEDING NOT ERROR—WHEN MOTION FOR NEW TRIAL REQUIRED—WHEN BILL NOT NECESSARY—UNNECESSARY MOTION FOR NEW TRIAL WILL NOT POSTPONE TIME FOR ERROR PROCEEDINGS—RECORD PROPER.

1. The year allowed by Comp. Stats. 1920, Sec. 6384 for bringing proceedings in error, commences with rendition of judgment, except where a motion for a new trial is necessary and has been seasonably filed and overruled, in which case the year commences upon the denial of such motion.

2. Grounds assignable for a new trial will not be considered on error, unless incorporated in a motion for new trial seasonably filed, overruled and exceptions thereto preserved in a bill of exceptions.

3. Error proceedings, predicated upon questions arising upon the record and not dependent for their consideration upon a bill of exceptions, commenced more than one year after rendition of judgment, will be dismissed.

4. A motion for new trial is not necessary in error proceedings to present questions arising upon the record proper, and the filing of a motion therein, will not postpone the running of the time for commencing proceedings in error prescribed by 6384 C. S.

5. A new trial is defined by Comp. Stats., 1920, Sec. 5870 as a re-examination of an issue of fact.

6. Without a bill embracing it, neither the motion for a new trial, nor the fact that it was overruled can constitute a part of the record, even if a journal entry shows the overruling of the motion.

7. Where none of the objections to the judgment presented on writ of error on the record proper were stated as a ground for a new trial, motion for new trial did not postpone running of the time prescribed by Comp. St. 1920, § 6384, for bringing proceedings in error.

NOTE—See Headnotes (1) 3 C. J. p. 1051; (2) 3 C. J. pp. 967, 968, 969; (3) 4 C. J. p. 183; (4) 3 C. J. p. 966; (5) 3 C. J. p. 1051; (6) 4 C. J. pp. 161, 162; (7) 3 C. J. p. 1051.

ERROR to District Court, Natrona County; CYRUS O. BROWN, Judge.

Action by the "W" Sheep Company and Pine Dome Oil Company and others. From an adverse judgment the "W" Sheep Company brings error. Heard on motion to dismiss.

*E. G. Vanatta* and *Hagens & Murane* for the motion. No briefs.

*Winter & Winter,* contra.

The motion is to dismiss the appeal, whereas the proceedings are on error; there is an essential difference, 19 Wyo. 173, 5109-5122 C. S., 27 Wyo. 88; the proceedings were commenced within one year after the overruling of motion for new trial; a bill of exceptions was unnecessary, 13 Wyo. 1; 8 Ency. P. & P. 289; Wood v. Nicholson, (Kans.) 23 Pac. 588; where the judgment is not sustained by the pleadings,

Soper v. Gabe, 41 Pac. 970; motion for new trial is not nec-
essary to present assignments of error in the record proper,
27 Wyo. 512; the petition in error contains assignments of
error upon the record proper, to-wit: rendering of improper
judgment; judgment on the pleadings; refusal of tempor-
ary injunction; failure to find upon all issues presented by
pleadings; rendering judgment not sustained by the find-
ings or pleadings; additional assignments relating to instruc-
tions given or refused, 5769 C. S.; the pleadings present an
issue of exemplary damages; plaintiff in error was entitled
to judgment on the pleadings, 5895 C. S., Lancaster Co. v.
Taylor, Ann. Cas. 1918C, 591; the answer stated no defense,
hence the verdict will not cure the defect as far as injunc-
tive relief is concerned; the petition presents an issue on
plaintiff's right to permanent injunction, compensatory
damages, and punitive damages; the verdict finds all issues
in favor of plaintiff; a journal entry shows that defendants
in error moved for a directed verdict which was overruled;
it is clear therefore that thêre is error in the judgment, in
that it is not sustained or supported by the pleadings and
the findings of fact, and does not cover or respond to the
issues presented and is erroneous, and that the error may
be considered from the record proper.

Potter, Chief Justice.

This cause is here on error, and has been heard upon a
motion to dismiss and also upon the merits subject to the
disposition of that motion. The defendants in error, how-
ever, have not appeared except by their motion to dismiss,
and might, no doubt, under our decisions, be entitled still to
file and serve briefs upon the merits if their motion to dis-
miss should be denied. But the motion must be sustained.

It will be necessary to consider only one of the several
grounds assigned in the motion, viz: That the proceeding
in error was not commenced within one year after the date
of the rendition of the judgment. The judgment com-
plained of was rendered on March 26, 1921, upon and in

conformity to the verdict of a jury concluding a trial of the cause in the district court, finding all the issues in favor of the plaintiff but awarding nominal damages only, by fixing the amount at one dollar. And said plaintiff is the party complaining here of the judgment by the proceeding in error commenced on December 27, 1922. With certain stated exceptions not relied on nor material here, the time for bringing a proceeding in error to reverse, modify or vacate a judgment or final order is limited to ''one year after the rendition of the judgment, or the making of the final order complained of.'' C. S. 1920, Sec. 6384. The proceeding was, therefore, commenced too late, unless for some reason other than the exceptions specified in the statute the running of said period of limitation was postponed so as to bring within it the date of the commencement of the proceeding. And that such postponement did occur is the claim made here in opposition to the motion to dismiss. The contention of plaintiff in error in that respect is that, under our decisions, the limitation period did not begin to run until the date of the overruling of plaintiff's motion for new trial, which, counsel assert, was duly filed and was overruled on January 4, 1922. But, for very clear reasons, that contention cannot be sustained upon the facts in this case.

In the first place this court has not held that in *every case* the date of the overruling of a motion for a new trial will be taken as the date of the rendition of the judgment, but we held that principle to apply only in cases where such a motion, with an order overruling it, is necessary under our rules and decisions to a consideration of the questions in this court on error. Thus, in the first case in which the point was considered, Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1, 3 Ann. Cas. 627, we said, concluding a discussion of the matter:—

''As to those matters not requiring the consideration of the trial court upon a motion for new trial as a condition

precedent to consideration in this court, the judgment will
doubtless become final when it is in fact rendered or form-
ally recorded.  But so far as the filing and determination
of a motion for a new trial is necessary to a review in this
court, whenever such a motion is properly and seasonably
filed, the character and finality will not attach to the judg-
ment, for the purpose of review on error, until the court
shall order the overruling of the motion."

The sole ground for such decision was that under our
settled rules of practice nothing which could have been
properly assigned as a ground for a new trial will be con-
sidered on error unless the same is shown to have been prop-
erly presented to the court below by such a motion, the
motion overruled and exception taken.  But it appearing in
that case that the denial of a motion for a new trial was as-
signed as one of the grounds of error and that the motion
presented questions properly assignable in such a motion,
and which could not have been considered except they had
been so presented to the trial court, the principle was ap-
plied to that case, the court saying:

"The proceeding in error having been commenced within
one year from the order overruling the motion for a new
trial, was, therefore, commenced in time to authorize a re-
view of the *alleged errors properly involved in a determina-
tion of the motion for a new trial.*"

In a later case, Toltec Live Stock Co. v. Gillespie, 20 Wyo.
314, 123 Pac. 413, stating the principal question to be
whether the proceeding in error was commenced within the
time limited by statute, the court said:

"We have held, construing the statutory provision afore-
said, that a proceeding in error commenced within one year
from the overruling of a motion for a new trial, seasonably
filed after judgment, is commenced in time to authorize the
review of *alleged errors properly involved in a determina-
iton of such motion.*"

The procedural facts shown by the record here do not bring this case within the rule so established. There is no bill of exceptions in the record, nor any showing as to the presentation or allowance of a bill in the case, and without a bill nothing would be before us for consideration in a proceeding in error except questions arising upon the record proper,—in this case, the pleadings, verdict and judgment; no question as to process or jurisdiction of the parties being suggested. But it is here sought to present certain questions said to arise upon the record, and not dependent for their consideration upon either a bill, or their presentation in the trial court by a motion for new trial. And it may be conceded that the petition in error contains some assignments that might be considered without having been presented to the court by a motion for a new trial and in the absence of a bill of exceptions. For example: That the trial court erred in not rendering the proper judgment on the verdict; and in not rendering judgment for plaintiff on the pleadings. The difficulty with plaintiff's case in that respect, however, is, first, that without a motion having been made and *necessary* to a consideration here of the alleged errors, there would be nothing in the case to prevent the running of the one year limitation from the actual date of the rendition of the judgment. And such a motion *would not be necessary* to our consideration of questions arising upon the record proper. Perkins v. McDowell, 3 Wyo. 328, 23 Pac. 71; Dobson v. Owens, 5 Wyo. 85, 37 Pac. 471; Seibel v. Bath, 5 Wyo. 409, 40 Pac. 756; Nichols v. Board, 13 Wyo. 1, 76 Pac. 681; 3 Ann. Cas. 543; Patrick v. State, 17 Wyo. 260, 98 Pac. 588; 129 Am. St. Rep. 1109; Grover Irr. Co. v. Lovella D. Co., 21 Wyo. 204, 131 Pac. 43, L. R. A. 1916C, 1275, Ann. Cas. 1915D, 1207. Nor would they be grounds for a new trial, which is defined by statute as a reexamination of an issue of fact. C. S. 1920, Sec. 5870. Hence, even if properly in the record, such a motion would have no effect as to such questions in postponing the running of the limitation period aforesaid. But the motion for

new trial said to have been filed in this case is not properly in the record. For, without a bill embracing it, neither the motion nor the fact that it was overruled can constitute a part of the record. U. S. v. Trabing, 3 Wyo. 144, 6 Pac. 721; Rubel v. Willey, 5 Wyo. 427, 40 Pac. 761; Chatterton v. Bonelli, 27 Wyo. 301, 196 Pac. 316; Fitzpatrick v. Rogan, 27 Wyo. 388, 197 Pac. 565; Campbell v. Bank, 24 Wyo. 359, 158 Pac. 267; 160 Pac. 333; Bank v. Anderson, 7 Wyo. 441, 53 Pac. 280. The bill is needed in any case to identify the motion; for even if there be a journal entry showing a motion to have been overruled, and there usually is, that entry would not, and could not properly, identify it. An attempt to do so by embodying the motion in the entry would be improper. This has been explained in former decisions of this court; we need refer only to the following cases on that point; Freeburgh v. Lamoureux, 12 Wyo. 41, 73 Pac. 545; Lockhart v. Brown, 31 O. St. 431. In Bank v. Anderson, supra, the reason for declaring such a motion, as well as other motions, not part of the record unless made so by a bill of exceptions, is stated as follows:

"The motion is not made a part of the record by statute, although the pleadings are, hence, the necessity for preservation by bill of exceptions to give it a place in the record."

But if the motion, as found among the certified original papers sent here by the clerk of the district court, might be consulted, it would show that none of the objections to the judgment presented by the questions said by counsel to arise upon the record proper was stated as a ground for a new trial in that motion; which fact, alone, would be sufficient to take the case outside the rule established by our decisions aforesaid, postponing the running of the statutory period for bringing a proceeding in error until the date of the overruling of a motion for new trial, "as to alleged errors properly involved in a determination of the motion." The errors alleged here as not requiring a bill of exceptions

or motion for new trial overruled as a condition to consideration in this court *were not properly involved in a determination of that motion.*

The motion to dismiss must be sustained, and it will be so ordered.

Blume and Kimball, JJ., concur.