DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF WYOMING.

OCTOBER TERM, 1892.

## GRAMM v. FISHER.

JUDGMENTS—DISMISSAL OF PROCEEDINGS IN ERROR—REINSTATE-MENT AFTER THE TERM.

1. The statutory provisions concerning the review by nisi prius courts of their own judgments after the close of the term control the supreme court so far as applicable to its judgments.

2. Petition and proceedings in error having been dismissed on the ground that there was no judgment or final order of the district court sought to be reviewed, on motion for reinstatement at a second subsequent term of the supreme court after such dismissal upon a new transcript showing a judgment which had been erroneously omitted from the transcript originally filed. Held, that the cause could not be reinstated.

[Decided Dec. 15, 1892—Former opinion, 3 Wyo., 595.]

ON APPLICATION FOR REINSTATEMENT OF PROCEEDINGS IN ERROR.

The petition and proceedings in error had been dismissed at the October, 1891, term on the ground that there was no judgment or final order of the district court which could be reviewed, the transcript of the record in that respect show-

ing only certain findings of fact and of law. After the adjournment of that term and the April, 1892, term, plaintiff in error, on the 10th day of September, 1892, filed a motion to reinstate, alleging that before the original transcript had been certified to, counsel and the deputy clerk of the district court had made diligent search for such a judgment and had found none, and the discovery thereof was not made until long after the order of dismissal. The judgment order was short and was a part of the same journal entry showing the findings. On behalf of defendant in error opposing affidavits were filed showing that the judgment plainly appeared in the journal together with the findings.

*Nellis Corthell,* for plaintiff in error.

*Lacey & Van Devanter,* for defendant in error.

CONAWAY, JUSTICE.

The petition in error in this cause was dismissed at a preceding term of this court because there was no judgment or final order of the district court sought to be reviewed. The errors alleged were in findings of fact and of law by that court. No judgment or final order was shown. It is now claimed that there was a judgment regularly rendered upon those findings and regularly entered upon the journal of the district court; although the transcript of the record did not show it. A new transcript is furnished showing a judgment regular in form, occupying about three lines of typewritten matter in the new transcript, which does not appear in the former transcript. The affidavits of the attorney for plaintiff in error and of a former deputy clerk of the district court, who certified to the first transcript, are also furnished, to the effect that they together searched the records of the district court for this judgment and failed to find it.

On this showing the motion is now made to vacate the order of dismissal and to reinstate the cause on the docket of this court.

The rule is general that courts have control over their judgments and final orders, and may modify or vacate them summarily on motion at the term at which they are rendered. But

it is part of the rule that courts lose that control from the close of the term. This applies to courts of last resort; 1 Black on Judgments, Sec. 306. There have always been some exceptions to the latter part of the rule. There have always been methods for a review by a nisi prius court of its own judgments and final orders after the lapse of the term in certain cases. But a summary proceeding on motion made at a succeeding term never was and is not now one of these methods. The authorities to this effect are numerous and respectable. None have been cited and we have found none to the contrary. Tribble v. Poor, 28 South Carolina, 565, and State v. Gaslin, 25 Nebr., 71, are cited by plaintiff in error. In neither of these cases does it appear that the motion to reinstate was made at a succeeding term. The language of these cases, while not definite on this point, would indicate the contrary.

The Supreme Court of the United States, in over-ruling a motion for re-hearing presented at a succeeding term, says: "At the end of the term the parties are discharged from further attendance on all causes decided, and we have no power to bring them back. After that we can do no more than correct any clerical errors that may be found in the record of what we have done." Brooks v. Railroad Company, 102 U. S., 107.

We are also referred to Donnell v. Hamilton, 77 Ala., 610; Bradford v. Patterson, 1 A. K. Marshall (Ky.), 464, and Ballard v. Davis, 3 J. J. See also Marshall, 656, to the same effect; Bronson v. Schulter, 104 U. S., and numerous cases there cited.

Formerly the methods pursued by nisi prius courts for reviewing their own judgments by proceedings initiated after the close of the term were by writ of error coram nobis or coram vobis, or by bills of review. This whole matter in this state is now regulated by statute; and it is evident that these statutory provisions shall apply to the supreme court so far as the same may be applicable to their judgments or final orders. Rev. Stat., Sec. 2712.

The case here presented is more nearly analogous to an ap-

plication for a new trial in our district courts, on the ground of newly discovered evidence, than to any other case provided for by our code.

"When the grounds for a new trial could not with reason-"able diligence have been discovered before, but are dis-"covered after the term at which the verdict, report or de-"cision was rendered or made, the application may be made "by petition, filed as in other cases, not later than the second "term after discovery, whereupon a summons shall issue and "be returnable and served," etc. Rev. Stat., Sec. 2656. The newly discovered evidence in this case is a public record, open to all the world, of which plaintiff in error always had at least constructive notice from the time it was made. It is also part of the record of his own cause, which it was his business to watch, and see that it was made correctly, in so far at least as it might affect his own interests adversely. And it is a matter which any one could discover by the exercise of very ordinary diligence.

The final decision of this court dismissing the proceedings in error in this cause was rendered on February 18th, 1892, that being an adjourned day of the October term for 1891. That term afterwards finally adjourned. Then the April term for 1892 was held and finally adjourned before this application was, made. No means are provided either by statute or rule of court for bringing the parties again before this court at this late day.

*Motion denied.*

MERRELL, J., and SCOTT, DIST. J., concur..