## REID v. FILLMORE.

PRACTICE—MOTION TO STRIKE—MOTION TO VACATE JUDGMENT AFTER
TERM—PUBLIC LANDS.

1. A motion by one party to strike a motion of his adversary
from the files is not the proper practice. The proper
method of disposing of a motion, unless for scandal or
impertinence, is to consider it and either sustain or deny it.

2. The court having entertained and sustained a motion to
strike another motion from the files, may be treated as
tantamount to overruling the latter motion.

3. Where a judgment was rendered by the District Court on
appeal from the State Board of Land Commissioners in
a contest proceeding between opposing applicants to lease
certain state lands, finally disposing of the case, which
judgment was not appealed from, and at a subsequent
term of said court the unsuccessful party filed a motion,
supported by affidavits, to vacate the judgment on the
ground of want of jurisdiction of the subject matter,
based upon the alleged unconstitutionality of the act con-
ferring power on the board to lease such lands, and the
board was not a party to the case, and valuable interests
in lands might depend upon the decision of the motion,
and an appeal was taken from the order of the court over-
ruling the motion; *Held,* that, under such conditions, it
was not the office of a motion to reopen the litigation,
obtain a second ruling upon the question finally disposed
of at a former term, and by an appeal from such second
ruling obtain a hearing and decision in the Supreme Court,
after having lost the right to such hearing by a failure to
institute proceedings in error upon the former and orig-
inal judgment.

4. A proceeding before the State Board of Land Commission-
ers involving a decision of the board between opposing
applicants for a lease of state lands, held to be a contest
within the meaning of the statute allowing appeals from
the decisions of the board in contest proceedings, following
and approving Cooper v. McCormick, 10 Wyo., 379.

[Decided September 30, 1903.]        (73 Pac., 849.)

Error to the District Court, Albany County, Hon. Charles W. Bramel, Judge. ·

Proceeding in error from an order of the District Court striking from the files a motion to vacate a judgment rendered at a former term. The facts are stated in the opinion.

*VanOrsdel & Burdick,* for plaintiff in error.

The sole question here is whether a judgment can be attacked by a party in interest upon jurisdictional grounds after term by motion supported by affidavits. It should be answered in the affirmative, and the judgment of the District Court striking the motion from the files should be reversed. (1 Black on Judg., Secs. 303, 307.) A void judgment may be set aside at a subsequent term. Every court possesses inherent power to vacate entries in the record of judgments, rendered without jurisdiction, either during the term of rendition or after its expiration. (1 Black Judg., Sec. 307; Ladd v. Mason, 10 Ore., 308; Bruce v. Strickland, 47 Ala., 192; Baker v. Barclift, 76 Ala., 414; *In re* Coll. St., 11 R. I., 472.) The vacation may be made on motion at a subsequent term. (12 Ency. Pl. & Pr., 188; 11 R. I., 472; Crain v. Barry, 47 Ga., 476; Shuford v. Cain, 1 Abb. (U. S.), 302; Wetherby v. Wetherby, 20 Wis., 526; Hooe v. Barber, 4 H. & M. (Va.), 439; Holmes v. Honnie, 8 How. Pr., 384; Baskins v. Wylds, 39 Ark., 347; Franks v. Lockey, 45 Vt., 395; *Ex parte* Quinshaw, 15 Pet., 119; Harris v. Hardiman, 14 How. (U. S.), 334; Wood v. Luse, 4 McClain, 254; Hallett v. Righters, 13 How. Pr., 43.)

A motion to set aside a judgment for lack of jurisdiction is a direct action, and not collateral. (1 Black on Judg., Sec. 307; id., Sec. 351.) And any evidence may be heard on the motion that is calculated to aid the court in reaching a conclusion. (Gay v. Grant, 8 S. E., 99; Shorts v. Quigley, 1 Binn., 222; McKinley v. Tuttle, 34 Cal., 235; Smith v. Black, 55 Md., 247.) Affidavts supporting and

opposing the motion are admissible, as well as depositions, but counter evidence will not be heard in any form as to the matters alleged as constituting a defense to the original action. (Butt v. Havens, 40 Ind., 221; Hill v. Crump, 24 Ind., 271; Pratt v. Keils, 28 Ala., 390; Frances v. Cox, 33 Cal., 323; Gracier v. Weir, 45 Cal., 53.)

*Groesbeck & Carpenter,* for defendant in error.

None of the objections presented by the motion to vacate the judgment were raised in the original case, and the facts set up to vacate are all extrinsic to and *dehors* the record. The judgment could be vacated, if at all, only within the term at which it was rendered. The motion was not a statutory proceeding, nor is it comprehended within the enumerated grounds set forth in Sections 3796 and 3806, inclusive, Revised Statutes. If a motion of this kind be proper, then it would serve to reopen the entire case, and, if denied, by appeal the entire cause would be opened anew, and the original cause would be established in the appellate court, although the right of appeal had been lost through laches; and there would be no end to litigation. The law abhors such a practice. If the judgment be indeed void for want of jurisdiction of subject matter, the defendant suffers not, because the judgment is a nullity and can be enforced nowhere. If the party desires to expunge the void judgment from the record, there is a remedy, but not by motion.

A motion is an application for an order addressed to the court or judge by a party to a suit or proceeding, or one interested therein. (R. S., Sec. 3595.) Hence there must be a suit or proceeding. The motion does not come after the termination of the suit or proceeding. (14 Ency. Pl. & Pr., 75; Albertson v. Williams, 97 N. Car., 264.) Constitutional questions, and grave and doubtful questions of fact and law, or questions which involve the whole merits of a cause, will not be determined on motion. (14 Ency. Pl. & Pr., 81.) In such cases a separate action must be

brought. (14 Ency. Pl. & Pr., 81, 85.) The matter now set up. could only have been presented in the original cause by pleading; and for greater reasons the matter cannot be set up by motion after the case is closed. (14 Ency. Pl. & Pr., 89.) After the term nothing can be done by the court involving the exercise of judgment or discretion on the merits of a decided cause. (15 Ency. Pl. & Pr., 205-207, 209, 216; Gramm v. Fisher, 4 Wyo., 1; Deering v. Creighton, 20 Ore., 556; Jones v. Ins. Co., 14 Utah, 215; Benson v. Anderson, 14 id., 334; People v. Temple, 103 Cal., 447; Vaughn v. Tealey, 58 S. W., 487; Myers v. Smith, 59 Neb., 30; Bristol v. Ross, 79 Ill. App., 261; Furn. Co. v. Jenkins, 82 Ill. App., 551; Hampton v. Van Ness, 54 Neb., 185; Wilson v. Smith, 17 Tex. Civ. App., 188; Alexander v. Ling (Or.), 39 Pac., 915; Barbour Co. Ct. v. O'Neal, 42 W. Va., 295; People v. Dodge, 104 Cal., 487.)

Unless a judgment is actually void on its face, it cannot be set aside by motion, even in those states where by statute such a motion is allowed after the term. (Tuffree v. Stearns (Cal.), 54 Pac., 826.) The judgment here is valid on its face. For the proper proceeding to set aside a void judgment at a subsequent term, see Kaufman v. Drexel (Neb.), 76 N. W.

Our local statutes being silent on the matter, the only remedy is an equitable action. (17 Ency. Law. (2d Ed.), 824-826.) The motion to vacate having been improperly filed, the motion to strike the same from the files was properly sustained. But, though the court erred in sustaining the motion to strike, the court below will not be required to do a vain thing. (Bank v. Ranch Co., 5 Wyo., 50.) The original proceeding before the board was clearly a contest.

(Counsel then proceed in their brief to discuss the constitutionality of the acts assailed by the motion to vacate the judgment, and insist that the same were constitutional and valid. As that question was not considered by the court, the argument thereon is omitted.)

CORN, CHIEF JUSTICE.

The parties to this action were both applicants before the State Board of Land Commissioners to lease certain lands from the State of Wyoming. The board decided in favor of the right of plaintiff in error and issued a lease to him. An appeal was taken by defendant in error to the District Court and, after a trial, that court at the March term, 1901, gave judgment in favor of defendant in error, canceling the lease before issued to plaintiff in error and directing the board to issue a lease to the defendant in error, Susan J. Fillmore. At the following September term of the District Court plaintiff in error filed his motion, supported by affidavits, to vacate the judgment and dismiss the action, for the reason that the court had never acquired jurisdiction of such action. The defendant in error thereupon filed a motion to strike from the files of the court the motion of plaintiff in error, for the reason that the judgment was rendered at a former term; that the relief sought should be by petition and summons issued thereon and served as in the commencement of an action, and that the court had no jurisdiction of the person of defendant in error. Upon a hearing the court sustained the latter motion and entered an order striking the motion of plaintiff in error from the files. From that order plaintiff in error appeals to this court.

A motion to strike another motion from the files is not the proper practice. The proper method of disposing of a motion, unless perhaps for scandal or impertinence, is to consider and sustain or deny it. But the court having entertained and sustained the motion to strike, was tantamount to overruling the motion to vacate the judgment and dismiss the action, and it may be so treated in this case. (Lang v. Superior Court, 71 Cal., 491; Blemel v. Shattuck, 133 Ind., 498; Long v. Ruch, 148 Ind., 74; 14 Ency. Pl. & Pr., 171.)

In the absence of any findings or the assignment in the record of the reason for the court's action, it may be as-

sumed that it was for the reasons assigned in the motion to strike. The authorities are in such hopeless conflict that any discussion of them in detail would be unprofitable. But it seems to be settled that courts, by reason of their control over their own records, have the inherent power, at any time and independent of express authority conferred by statute, to strike out, either upon their own motion or that of any party in interest, any judgment or order which is void upon its face and, therefore, a mere incumbrance to the record. And it seems to be as well settled, upon the other hand, that they have no power, after the term, to reinstate a cause, which is not retained in court for any purpose by statute or otherwise, and reconsider their former decisions. But within these limits decisions are largely upon the special facts of each case.

It is not claimed that the proceeding is specially authorized by statute, but it is insisted that the judgment is void, for want of jurisdiction of the subject matter, and should be stricken out of the record. The grounds for denying the jurisdiction of the District Court to entertain the appeal, as stated in the motion are two: First, that an appeal lies only from a contest before the board and that this proceeding was not a contest.

This objection is disposed of by the decision of this court in Cooper v. McCormick, 69 Pac., 301 (10 Wyo., 379), where it was held that a proceeding before the board in all respects similar to the one in this case amounted to a contest. And we see no reason to change our views upon that question, even if it should be deemed proper to pass upon it in a proceeding of this character, a mere motion after the lapse of the term at which the case was finally disposed of.

The second objection is, in substance, that Chapter 5 of Title 9, Revised Statutes, 1899, in so far as it attempts to confer control of the school lands of the State upon a board composed of the Governor, Superintendent of Public Instruction and Secretary of State only, is unconstitutional and void. By Section 13, Article 7, of the constitution, it

is provided that the three officers above named and the
State Treasurer shall constitute the Board of Land Com-
missioners, which shall have control of the leasing and
disposal of the lands of the State granted, or to be here-
after granted, for the benefit of public schools.  By a sub-
sequent section of the constitution, viz., Section 3 of Article
18, it is provided that the three officers first named shall
constitute a Board of Land Commissioners, who shall have
the direction, control, disposition and care of *all* lands here-
tofore granted, or to be hereafter granted, to the State.
The First State Legislature provided for but one board,
composed of the three officers above named, and committed
to its control all lands belonging to the State.  It is evi-
dent, therefore, that a consideration of the motion of plain-
tiff in error, upon its merits, may involve a decision by this
court that this legislation is unconstitutional and ousting
the board of an important branch of its jurisdiction.  The
legislation has been upon the statute books, acted upon by
the board and acquiesced in by the people during our entire
history as a State until the last session of the Legislature,
and valuable interests in lands may depend upon its valid-
ity.  Moreover, there is no case pending and the parties to
the litigation are not before the court, except as they are
attempted to be brought in by the notice of this motion;
the board whose jurisdiction is attacked are not made par-
ties to the proceeding, and the question of their jurisdic-
tion was never presented to them for their decision in the
case, and the decision of the District Court upon all the ques-
tions presented to it was acquiesced in by the plaintiff in
error by his failure to institute proceedings in error.

By our code of civil procedure a motion is defined to be
"an application for an order addressed to a court or judge
by a party to a suit or proceeding, or one interested therein."
And we think it is entirely clear that, under conditions like
these, it is not the office of a motion to reopen litigation,
obtain a second ruling of the court upon the question finally
disposed of at a former term and by an appeal from such

second ruling obtain a hearing and decision in this court after having lost the right to such hearing by a failure to institute proceedings in error.

The judgment will be affirmed.

Knight, J., and Potter, J., concur.