## CAMPBELL, v. SARATOGA STATE BANK.
(Nos. 837 and 838; Decided June 29th, 1916; 158 Pac. 267.)

APPEAL AND ERROR—MOTION FOR NEW TRIAL—RECORD—BILL OF EX-
CEPTIONS—FILING BILL IN TRIAL COURT—VACATION OF DISMISSAL—
MOTION TO REINSTATE APPEAL—UNAVOIDABLE CASUALTY—WORDS
AND PHRASES—REHEARING—MOTION TO STRIKE.

1. Where the only error assigned is the overruling of the mo-
tion for a new trial it will not be reviewed unless the mo-
tion be incorporated in a properly authenticated bill of
exceptions duly certified by the clerk, as a part of the
record.

2. A bill of exceptions becomes a part of the record by being
filed in the office of the clerk of the district court, after it
has been allowed and signed by the court or judge allowing
it, and not otherwise; and when brought to the Supreme
Court, as a part of the record in proceedings in error, it
must be certified by the clerk of the district court to be a
part of the record in the cause, the same as any other
original paper filed therein, in order to have it considered
on appeal.

ON MOTION TO REINSTATE CAUSE.

3. A motion to reinstate the cause is the proper procedure
where it is sought, after dismissal, to withdraw a defective
record for amendment. A petition for rehearing is im-
proper in such case, unless it be alleged that the dismissal
was erroneous on the record, as it then stood.

4. A motion to strike a motion from the files is not proper
practice.

5. While it is the duty of the clerk of the district court to
properly file the papers in a case, and, when required to
do so, to properly authenticate and certify the record to
this court, it is likewise the duty of an appellant to see to
it that the record is duly authenticated and in such form
as this court is authorized to consider.

ERROR to District Court, Uinta County; DAVID H. CRAIG,
Judge.

Actions by the Saratoga State Bank, a corporation, against
A. D. Campbell and Ralph A. Campbell. Judgments for
plaintiff and defendant brings error. The error proceed-
ings were consolidated and upon consideration were dis-

missed on the ground that no questions are presented by the
record for decision on appeal.

*N. R. Greenfield,* for plaintiffs in error.

*Brimmer & Brimmer,* for defendant in error.

BEARD, JUSTICE.

These cases being appeals by different defendants in the
same action, by agreement of the parties were consolidated
and submitted to this court on the same record. The only
error assigned in the petition in error in either case is the
overruling of the separate motions of the plaintiffs in error
for a new trial. There is no bill of exceptions which can
be considered, and the only way a motion for a new trial
can become a part of the record in this court is by incor-
porating it in a bill of exceptions. (Freeburgh v. Lamou-
reaux, et al., 12·Wyo. 41, 73 Pac. 545.) There is filed in
this court a bundle of papers endorsed "Bill of Exceptions,"
but there is nothing whatever showing or tending to show
that it was ever filed in the office of the clerk of the district
court, or was ever presented there for filing, or was ever
in his possession so as to become a part of the record in that
court. It bears no filing mark of the clerk of that court,
nor is it in any form or manner certified by the clerk of said
court to be a part of the record in the case. In addition to
that there is another bundle of papers certified to this court
by the clerk of the district court under the seal of the court
certifying that said papers "comprising pages numbered 1
to 93 inclusive, are all the papers filed and of record in the
office of the clerk of the district court" in said case. The
purported bill of exceptions, containing 237 pages, is not at-
tached to or in any way referred to or identified in the pa-
pers so certified.

This court has always been quite liberal in considering
imperfect records. In Commissioners v. Shafner, 10 Wyo.
181, where a bill of exceptions was stamped filed at a certain
date, but the endorsement was not signed by the clerk, but
the papers including the bill were duly certified by the clerk

to be all the papers filed in that court in the case, it was held sufficient to entitle it to be considered. To the same effect see Harden v. Card, 14 Wyo. 479, 85 Pac. 246. And in the recent case of Nicholson v. State, 157 Pac. 1013, a criminal case, (not yet reported) we reluctantly considered a bill which appeared on its face to have been filed in the office of the clerk of.the district court although not otherwise certified as a part of the record. In each of those cases there was some evidence apparent on the papers that they were a part of the files in the district court; but in the present case there is no such evidence apparent. In Moyer v. Preston, 6 Wyo. 308, 44 Pac. 845, 71 Am. St. Rep. 914, the court said: "There is a paper forming a part of the supposed record which appears to be signed by the judge of the district court as a bill of exceptions; it is, however, devoid of any filing mark indicating that it ever came into the hands or the office of the clerk of that court. It is not authenticated by any sort of certificate of such clerk, or by the seal of the court. * * * * * How is this court to know that any paper is one of the original files in the cause in the court below, unless that fact is certified to by the clerk? We may recognize the signature of the judge appended to a bill by reason of the personal familiarity of one or more of the justices composing this court with such signature, but we are not in a position to conclude that the paper thus seeming to be signed by the proper judge, was ever filed or ever become a part of the record, or is in the condition it was when signed, unless the same is authenticated by the officer whose duty it is to file and preserve the same." Upon the record certified to this court in this case there are no questions presented for our consideration, and the proceedings in error will have to be dismissed; and it is so ordered.

In view of the increasing number of illy prepared, defective and imperfect records being filed in this court, it is not out of place to here suggest to the members of the bar that a bill of exceptions becomes a part of the record by being filed in the office of the clerk of the district court after

it has been allowed and signed by the court or judge allowing it and not otherwise; and when brought to this court as a part of the record in proceedings in error, it must be certified by the clerk of the district court to be a part of the record in the cause, the same as any other original paper filed therein, in order to have it considered by this court. Before filing a record in this court counsel should see that the record is properly prepared, paged, indexed and certified. By so doing considerable trouble and delay may be avoided. These remarks are intended to be general and not with reference to the present case in particular, and are made only on account of the increasing number of defective records being filed, apparently without having been examined by counsel before being filed in this court.

*Proceeding in error dismissed.*

POTTER, C. J., and SCOTT, J., concur.

### ON MOTION TO REINSTATE.

PER CURIAM.

The proceedings in error in these cases were dismissed June 29, 1916, on account of the defective record presented to this court. (158 Pac. 267.) Counsel for plaintiffs in error has filed a motion, supported by affidavits, for a vacation of the order of dismissal and for a reinstatement of the cases on the docket; and counsel for defendant in error have filed their motion to strike the motion of plaintiffs in error from the files. Both motions have been submitted together.

Counsel for plaintiffs in error does not dispute the insufficiency of the record, as stated in the opinion, but seeks to excuse the imperfection and to be allowed now to withdraw the record and have it amended; and states in his affidavit that he sent the bill of exceptions to the clerk of the district court with directions to file it; that he was called away from home and was necessarily absent for several weeks, and did not have opportunity to see and examine the record before it was filed in this court; that he relied upon the clerk of the district court to file and properly certify all of the original

papers in the case to the Supreme Court in compliance with its order so to do, and that he had been informed by said clerk that he had done so. That he had no knowledge that the record and papers were not properly authenticated until advised by the opinion of this court dismissing the proceedings in error. That his attention was not called to the defects at the oral argument. The clerk of the district court makes affidavit to the effect that the failure to file and authenticate the bill was his oversight and mistake and that he is willing to do so.

The motion to strike plaintiffs' motion from the files is based upon the ground that the application to vacate the order of dismissal and reinstate the cases should be by petition for rehearing and not by motion. We do not think that point well taken. (Cronkhite v. Bothwell, 3 Wyo. 736, 30 Pac. 492; Gramm v. Fisher, 4 Wyo. 1, 31 Pac. 767, in which cases like motions were entertained.) As above stated, it is not claimed that there was error in dismissing the proceedings upon the record presented; and counsel do not ask for a rehearing on that question, but seeks to have the cases reinstated and be permitted to amend the record. It differs from a case in which it is contended that the order of dismissal was erroneous. A motion to strike a motion is not the proper practice. (Reid v. Fillmore, 12 Wyo. 72, 73 Pac. 849.) The motion to strike plaintiffs' motion from the files is denied.

This court can consider and determine cases brought to it by proceedings in error, only upon the record as made in the trial court, and cannot assume that that record is other than as certified to be such record. It is true that it is the duty of the clerk of the district court to properly file the papers in a case and when required to do so to properly authenticate and certify the record to this court; but it is likewise the duty of an appellant to see to it that the record is in proper form and duly authenticated. In the present case, counsel unquestionably had the purported bill of exceptions before him when he prepared his brief, and a casual examination

of it would have disclosed that it was not such a part of the record as could be considered by this court. Counsel insist that when he filed his application with the clerk of this court for an order to the clerk of the district court to certify and transmit the record in the case to this court, he had done all that was required of him by the statute and rules of court. No doubt he had done all that was required to procure such order; but the duty still rested upon him to see to it that such a record was presented to this court as it is authorized to consider. (Gramm v. Fisher, supra.) In Milliken v. Martinez, 159 Pac. (N. M.) 952, the court said: "Before filing the transcript of record with the clerk of this court, the attorney for appellant should see to it that it is properly prepared and certified, thus avoiding all objections in this regard." We think the same duty rests upon counsel to see that the record is properly authenticated under the present statute, as was required prior to the amendment of 1901, when the plaintiff in error was required to file with his petition a transcript of the final record, with such original papers or a transcript thereof as are necessary to exhibit the errors complained of. We do not think the showing made by the affidavits in support of the motion disclose such unavoidable casualty as to entitle plaintiffs in error to a reinstatement of the cases on the docket. The motion to vacate the order of dismissal and to reinstate the cases on the docket is denied.                     *Both motions denied.*